PATRICK McDONOUGH, Respondent, v. DAVID NICHOLSON, Appellant.

| 46 | 35 |
|---|---|
| 113 | 619 |
| 46 | 35 |
| 59a | 339 |
| 46 | 35 |
| 139 | 560 |

*Practice, civil — New trial — Order of, not subject to appeal.* — An order granting a new trial can not be appealed from or made the subject of review in the appellate court; and this rule is not changed by section 1 of the act providing for the reorganization of the St. Louis Circuit Court. (Sess. Acts 1869, p. 16.)  The "orders" referred to in that act are final orders, which dispose of a case and leave nothing further to be done.

*Appeal from St. Louis Circuit Court.*

*W. H. Horner*, for respondent.

*Geo. P. Strong*, for appellant.

WAGNER, Judge, delivered the opinion of the court.

There is but one question in this record that need be noticed. Upon the rendition of a verdict by the jury in the trial in the Circuit Court, a motion for a new trial was filed by the plaintiff and sustained. The order granting a new trial is appealed from.

It has always been the settled law in this State that an order granting a new trial is a matter mainly resting in the discretion of the judge presiding at the trial. As it does not fully dispose of the case, but leaves it to be further proceeded with, it can not be appealed from or made the subject of review in the appellate court. But it is contended that this well-established rule has been changed by legislative enactment in the act amendatory to the act to provide for the reorganization of the St. Louis Circuit Court. That act declares that "at the general term the said Circuit Court shall hear and determine points of law reserved at special term, and all appeals taken from any final judgment or decree rendered, or order made, at special term," etc. (Sess. Acts 1869, p. 16, § 1.)

The law here speaks of final judgments and decrees rendered or orders made. It is obvious that reference is made to final orders which dispose of a case and leave nothing further to be done. It is not to be presumed that it was intended that an appeal should lie from the ruling on every motion in the trial of a cause. A fair interpretation of the language will bear no such construction. The practice here sought to be enforced would lead to the prolongation of trials at the Circuit Court, and multiply appeals indefinitely. In my judgment it is contrary to the clear meaning and intent of law.

Let the appeal be dismissed. The other judges concur.