WHITSETT, *Appellant*, v. RANSOM.

**Weight of Evidence.** It is rarely the case that appellate courts interfere with the discretion of the trial courts in directing a new trial on a mere question of weight of evidence. The credibility of witnesses and the probative force of a given fact are peculiarly within the province of a jury. It is only where this court is well satisfied of a palpable disregard of law and evidence on the part of the trial jury, and that the trial court in refusing a new trial has wrought manifest injustice, or shown an unjudicial bias,.that it feels it to be its duty to interfere.

*Appeal from Franklin Circuit Court.*—HON. A. J. SEAY,

REVERSED.

*Crews & Booth* for appellant.

PHILIPS, C.—This is an action for assault and battery. Whitsett, the appellant, alleged in his petition that he and defendant were in attendance at a public sale in Franklin county, where many people were assembled, neighbors and acquaintances of defendant and plaintiff, and that defendant wrongfully and without cause, willfully, etc., assaulted, struck, threatened and pursued plaintiff with a club and spat in his face, and otherwise abused him with opprobrious and disgusting epithets and defamatory words; by reason of which plaintiff suffered great bodily fear and shame, injury and mental pain. He asked judgment for $3,000 damages. The answer was a general denial.

Plaintiff's evidence showed, with much force and consistency, the most aggravating conduct on defendant's part. It appears that plaintiff had a short time previous attached some personal property of one Hill, defendant's son-in-law, for debt. The officer had locked the goods in an out-house, and when plaintiff, a day or two afterward, called by to look after them, he found defendant in the house, which gave rise to some unpleasant words. On the way to the sale the defendant cut a stick, as if for a walking cane, which was large enough to do great injury to any one struck with it. Defendant afterward admitted he prepared this stick to "whale" the plaintiff with if he could provoke him into a demonstration. This evidence the defendant does not appear to have denied when on the stand. The evidence, it is true, is somewhat conflicting as to precisely how the parties were brought together at the sale, but no unprejudiced mind can review the whole testimony, or even that of the defendant himself, without being clearly satisfied that the defendant went to that sale contemplating and desiring a difficulty with the plaintiff. He inquired of plaintiff if he had said so and so about the defendant breaking into the house where the goods were, and gave him the lie, brandishing the club over him, denounced him as a liar — "a G—d d—d liar, a d—d son of a b—h," and then spat

in his face.    The defendant admitted himself on the wit-
ness stand, that he spat in the plaintiff's face.    Some one
of defendant's witnesses stated that perhaps plaintiff gave
the first opprobrious epithet.    The plaintiff is an old man,
and a citizen of long standing, and the highest respecta-
bility in that community.    The evidence showed him to be
rather feeble.    The defendant was a younger man and
more robust, though not a stout man according to his evi-
dence.

As no point is saved touching the instructions in the
motion for a new trial, it is unnecessary to present them.

The question, therefore, for determination is, whether
the record presents such a state of evidence as to justify
this court in ordering a *venire de novo*.    It is rarely the case
that appellate courts interfere with the discretion of the
trial courts in directing a new trial on a mere question of
weight of evidence.    The credibility of witnesses and the
probative force of a given fact are peculiarly within the
province of the jury.    It is only where this court is well
satisfied of a palpable disregard of law and evidence on the
part of the trial jury, and that the trial court in refusing a
new trial has wrought manifest injustice, or shown an un-
judicial bias, that it feels it to be its duty to interfere.

I am utterly unable, from reading over the evidence
in this case, to comprehend how an honest jury could have
returned a verdict for defendant.    That he was the ag-
gressor, that he desired an affray, that he prepared for it is
scarcely debatable.    That he offered to the plaintiff one of
the most unendurable indignities to which human nature
can be subjected, an insult mean and deadly, that of spitting
in his face in public, the defendant himself conceded.    The
court told the jury in one of the instructions, that if de-
fendant willfully and in anger spat in the plaintiff's face,
they should find for the plaintiff, and yet this jury went
out, under the sanction of an oath, and came back with a
verdict for the defendant.

Such a trial is a travesty on justice and a mockery of

the courts. I yield to no one in my reverence for the right of trial *per pais*, as Blackstone calls it, and due respect for the proper domain of jurors. But the courts owe a duty of paramount concern to the cause of good government and orderly society. Under a sense of that obligation we reverse the judgment of the circuit court and remand this cause for a new trial, if the plaintiff so desires. All concur.