STATE OF MISSOURI, Appellant, v. ZACHARIAH HARRIS, Respondent.

St. Louis Court of Appeals, March 27, 1888.

CRIMINAL LAW—INFORMATION.—An information filed by the prosecuting attorney is properly quashed, when it does not purport to be founded on the knowledge, information, or belief of the officer, and is not based upon a complaint verified by the oath or affirmation of some person having a knowledge of the offence charged.

APPEAL from the Lewis Circuit Court, HON. BEN. E. TURNER, Judge.

*Affirmed.*

OLIVER C. CLAY, for the appellant:    The records show that the motion to quash was not filed until the twelfth day of September, 1887, the day the case was set down for trial in the circuit court on appeal, and after conviction before the justice.    "If an indictment be improperly and irregularly found, the defendant may before plea, move to quash it for such irregularity." *People v. Briggs*, 60 How. (N. Y.) Pr. 17.    "The motion to quash should be made before plea pleaded." Holt, 686 ; Foster, 231 ; 48 Ind. 483 ; Kelly's Crim. Prac. 110.    "The application, if made upon the part of the

defendant, must be made before plea pleaded." Wharton Crim. Law [5 Ed.] sec. 524, and note *b*. "If a defendant relies upon a plea in abatement, he must plead it before putting in the plea of not guilty." 14 Mo. 417, 418. "A motion to set aside an indictment must be made before demurrer or plea; if not so made it will be deemed to have been waived." *State v. Hamilton*, 13 Nev. 386. Defendant neither asked permission of the court to withdraw his plea of not guilty, nor did the court grant such permission, and the plea was not withdrawn. It should have been withdrawn before the filing of the motion to quash, or at least before the court acted upon the motion to quash. "The defendant should have relied on his plea in abatement at first, by then pleading it, instead of pleading not guilty; or if he wished to test the validity of his plea, after having pleaded not guilty, he should have moved the court for leave to withdraw the plea of not guilty and for permission to file his plea in abatement." *State v. Sunday*, 14 Mo. 420. The information charges the offence, using all the clauses mentioned in the statute constituting it, either one of which is an offence. The prosecuting attorney is not required to go out of the statute to make averments of acts not named therein, when the statute itself creates and fully and clearly defines the offence. *State v. Kesslering*, 12 Mo. 566; *State v. Murphy*, 47 Mo. 275; *State v. Fitzsimmons*, 30 Mo. 236; *State v. Fancher*, 71 Mo. 460; *State v. Pittman*, 76 Mo. 56; *State v. Fogerson*, 29 Mo. 416; *State v. Bregard*, 76 Mo. 322. An information is the official act of the state's attorney. *Prophit v. State*, 12 Tex. App. 233.

BLAIR & MARCHAND, for the respondent: The court will of its own motion take cognizance of a jurisdictional fact or errors apparent on the face of the record. *State v. Pints*, 64 Mo. 317; *State ex rel. v. Griffith*, 63 Mo. 545; *State v. Fayette*, 17 Mo. App. 587; *State v. Marshall*, 36 Mo. 401; *State v. Vanmeter*, 49 Mo. 268; *State v. Connell*, 49 Mo. 282. Neither the

justice of the peace, nor the lower court, had jurisdiction. Acts, 1885, sec. 1, p. 145; *State v. Shaw*, 26 Mo. App. 383. This court has held that an information like this is insufficient and should be quashed. *State v. Bach*, 25 Mo. App. 554. The information is not made by the prosecuting attorney "under his oath of office" as required by the acts of 1885. Motions as to jurisdiction and insufficiency of indictment, like motions in arrest, are always in order, without regard to prior pleas. *State v. Bishop*, 22 Mo. App. 435.

Peers, J., delivered the opinion of the court.

On June 17, 1887, before Wm. M. Glaves, a justice of the peace for and within Dickerson township, Lewis county, Missouri, the defendant, Zachariah Harris, was convicted and fined in a trial by jury, upon an information filed by the prosecuting attorney of Lewis county, Missouri, charging the defendant with disturbing the peace of one Jennie Beck, which said information is as follows:

"State of Missouri, ⎫
                              ⎬ ss.
"County of Lewis.  ⎭

"State of Missouri, Pl'ff.,  ⎫  Before Wm. M. Glaves,
              *vs.*                       ⎪  a justice of the peace for
                                             ⎬  Dickerson      township,.
"Zachariah Harris, Def't.  ⎭  Lewis county, Missouri.

"Oliver C. Clay, prosecuting attorney within and for the county of Lewis, in the state of Missouri, informs the court that one Zachariah Harris, on the seventh day of June, 1887, at the said county of Lewis,. did then and there unlawfully and wilfully disturb the peace of one Jennie Beck by then and there cursing and swearing and by loud and unusual noises, and by loud, offensive, and indecent conversation, and by threatening, quarreling, challenging, and fighting, against the peace and dignity of the state.

"Oliver C. Clay,
"Prosecuting Attorney.

"Jennie Beck, prosecuting witness, being duly sworn, upon her oath says that the facts stated in the foregoing information are true.

"JENNIE BECK.

"Subscribed and sworn to before me this seventh day of June, A. D., 1887.

"WM. M. GLAVES, J. P."

From the judgment of the justice the defendant appealed to the circuit court of Lewis county, and the case was set for trial on the twelfth day of September, 1887. On said day the defendant filed a motion to quash the information, which was sustained by the court and the case dismissed.

The only question to be determined here is, the sufficiency of the information, the validity of which is determined by the act of 1885. Laws 1885, p. 145. If the information is insufficient the prosecution must fail.

There are two ways pointed out by the act of 1885, above referred to, of making these complaints. One is for the prosecuting attorney to file the information based on his *own knowledge, information, or belief*, or the information must be based upon a complaint verified by the oath or affirmation of some person having knowledge of the offence, in plain, concise language.

The same question was before the Kansas City Court of Appeals in the case of *State v. Shaw*, 26 Mo. App. 383, in which Hall, J., uses substantially the following language: "Where the prosecuting attorney files an information before a justice of the peace *not* based upon *his own* knowledge, information, or belief, the information must be based upon a complaint verified by the oath or affirmation of some person having knowledge of the offence, made before any officer authorized to administer oaths, setting forth the offence in plain and concise language; or the complaint thus sworn to may be deposited with the prosecuting attorney, and it is his duty to file an information with the justice having

jurisdiction of the offence, accompanied by such complaint. Unless such complaint be *filed* with the justice of the peace, or *deposited* with the prosecuting attorney, the prosecuting attorney *cannot* file an information unless it is based upon his own information, knowledge, or belief.''

The information in this case was not based upon the knowledge of the prosecuting attorney, but upon the knowledge and information of Jennie Beck, who verified the information filed by the prosecuting attorney.

Because there was no complaint made and verified as required by section 2025, Revised Statutes, either deposited with the prosecuting attorney or filed with the justice, it follows that the information was invalid, and was properly quashed by the circuit court.

The judgment is, therefore, with the concurrence of the other judges, affirmed.