MALINDA EMPEY, Respondent, v. THE GRAND
AVENUE CABLE COMPANY, Appellant.

Kansas City Court of Appeals, May 11, 1891.

**Appellate Practice: VERDICT: SETTING ASIDE: RULE: EVIDENCE.**
Appellate courts of this state will not ordinarily disturb a verdict
on the ground merely that it is against the weight of evidence,
yet, where the preponderance is so great as necessarily implies pas-
sion, prejudice or partiality, they do not hesitate to interfere. The
evidence in this case on examination produces the conviction that
the jury was prompted by prejudice or acted in utter disregard of
that impartial administration of justice for which courts are estab-
lished.

*Appeal from the Clay Circuit Court.*—HON. JAMES M.
SANDUSKY, Judge.

REVERSED AND REMANDED.

*Karnes, Holmes & Krauthoff,* for appellant.

The damages awarded are grossly excessive; the
verdict is against the overwhelming weight of the testi-
mony, and was plainly the result of passion or preju-
dice on the part of the jury No candid person can read
the record in this case and escape the conviction that
the jury was actuated by passion or prejudice in the
verdict it rendered. This is manifest both from the evi-
dence in the case and from the excessive amount of dam-
ages awarded. *Spohn v. Railroad,* 87 Mo. 74, 84; *Garrett
v. Greenwell,* 92 Mo. 120, 125; *State v. Prim,* 98 Mo.
368, 372.

*W. J. Hollis* and *Harber & Knight,* for respondent.

The jury are the sole judges of the weight of the
evidence, and this court will not interfere with the

jury's finding of the facts, unless the evidence is so strongly against such finding as to conclusively show prejudice, etc., on the part of the jury. This proposition is so well understood that we will spend no time citing authority in its support. The verdict is supported by substantial evidence, and the court should not interfere. Its weight was solely for the jury and the trial court. *Brown v. Railroad,* 13 Mo. App. 463; *Sheehy v. Railroad,* 94 Mo. 574, 580-1; *State v. Zorn,* 71 Mo. 415.

GILL, J.—The substance of plaintiff's complaint against the defendant is thus set out in her petition: After alleging that defendant corporation was the owner of and operated a cable-car line from the southern to the northern limits of Kansas City, the petition continues: "Plaintiff states that on the sixth day of August, 1889, she took passage on one of defendant's cars and paid the fare which was demanded of her, to-wit, the sum of five cents, for which defendant agreed to transport and safely land her at her destination, to-wit, the corner of Ninth and Walnut streets in said Kansas City; and that, when said car arrived at the corner of Ninth and Walnut streets, the servants of defendant stopped said car in order that plaintiff might alight from the same, and that while plaintiff was in the act of alighting, and before a reasonable time for her to alight had elapsed, and before her feet touched the ground, defendant, its agents and servants negligently and carelessly started said car and put the same in motion, without any warning to plaintiff, by a sudden jerk, by which plaintiff was thrown with great force down and upon the hard pavement of the street, whereby she was greatly injured, her left ankle sprained, her knees and thighs bruised and her nervous system shocked." She sues for damages thus occasioned. The action was brought in the circuit court of Jackson county, and thence on plaintiff's application a change

of venue was awarded to Clay county, where, on a trial by jury March 4, 1890, plaintiff had a verdict and judgment for the sum of $2,000, and defendant, after an unsuccessful motion for a new trial, has appealed to this court.

I.    In recognition of that proper and decent administration of justice which we deem our duty to guard and promote, we cannot permit this judgment to stand. We have read with much care, and have patiently considered, the entire testimony adduced at the trial of this cause, and must express our surprise at the verdict reached by the jury.    We do not say that there was *no* evidence upon which to base the jury's finding, but the preponderance in favor of the defense is so overwhelming as necessarily to imply the grossest partiality and prejudice on the part of the jury.    The material fact at issue, and the issue to be determined by the jury, was this:    Was plaintiff injured by a fall while in the act of alighting from the car, the same being suddenly started and casting plaintiff upon the street, *or* did plaintiff, on getting from the stationary car and after placing her feet on the street, slip and fall upon the pavement without any fault of those in charge of the car?

The evidence is undisputed that on the morning of August 6, 1889, Mrs. Empey became a passenger on one of defendant's cars and rode from South Grand Avenue north to Ninth and Walnut streets.    It was about nine o'clock in the morning.    On arriving at Ninth and Walnut the car, at plaintiff's request, was stopped (just as it passed to the north side of Ninth) to permit Mrs. Empey to alight.    Now *she* says, that as she was stepping from the car, and before she had entirely cleared the step down to the street, the car was suddenly started forward and she fell, spraining her ankle and receiving some slight bruise on the knee.    Mrs. Empey admits, however, that because of the fall she became confused and did not distinctly carry in her

mind all that occurred.   Now, opposing the theory of plaintiff's claim that the car moved forward while she was in the act of stepping therefrom there was the testimony of not less than five reputable citizens, eye-witnesses to every move made, and all of whom agreed that the lady stepped entirely from the car, then slipped on the street or turned her ankle and fell, and then it was that some of these witnesses got from the car and assisted the plaintiff to her feet, and *that during all this time the car was motionless.*   It is quite impossible that all these witnesses should be mistaken.   They were present on the spot—none beyond twenty feet from plaintiff, and two at least within a very few feet of where Mrs. Empey was sitting in the car, and where she attempted to alight.   The car was an open summer car with two rows of seats, and evidently Mrs. Empey got immediately from her seat onto the foot board running the full length of the car, and by that means reached the ground as is usual in getting out of such cars.   It is quite clear from this testimony that as the lady placed her feet on the street (the car standing still) she slipped on the wet and sprinkled surface, or her ankle careened, and she fell.   In so far as the testimony of the colored boot-black is concerned, we don't see how any weight whatever can be attached to it.   He is contradicted in numerous ways, and in one way or another by every witness on the stand, whether testifying for the plaintiff or defendant, as well as by the " physical facts."   The extent, too, of the damages awarded—in this verdict, $2,000 for a very slight injury—tends to strengthen the conviction that the jury was prompted by prejudice, or acted in utter disregard of that impartial administration of justice for which courts are established.

While the appellate courts of this state will not ordinarily disturb a verdict on the ground merely that it is against the weight of the evidence, yet where the preponderance is so great as necessarily to imply passion, prejudice or partiality, they do not hesitate to

interfere. *Baker v. Stonebraker*, 36 Mo. 338 ; *Whitsett v. Ranson*, 79 Mo. 258 ; *Spohn v. Railroad*, 87 Mo. 74 ; *Garrett v. Greenwell*, 92 Mo. 120 ; *Freisz v. Fallon*, 24 Mo. App. 439. We regard this a case in which the court should interfere. Judgment reversed and cause remanded. All concur.