Longdon v. Kelly.

JOHN G. LONGDON, Appellant, v. JAMES C. KELLY, Respondent.

Kansas City Court of Appeals, December 5, 1892.

1. **New Trials:** DISCRETION OF COURT: APPELLATE PRACTICE. The function of granting new trials belongs naturally and peculiarly,

though not exclusively, to trial courts, and only in cases free from doubt will the appellate court revise such discretion in the plain and apparent interest of justice.

2. ———: NEWLY DISCOVERED EVIDENCE: CUMULATIVE. The evidence on the trial was to the effect that plaintiff had by his conduct released the defendant (a surety) from any obligation to pay a balance due on a note; the proposed newly discovered evidence offered as a ground for a new trial tended to show the said balance had been paid. *Held.* not cumulative. Evidence is not cumulative which does not relate to same point or issue.

3. ———: ———: DILIGENCE. At the trial defendant and his attorney for the first time learned from plaintiff's evidence that plaintiff had had a conversation with one S., a cosurety of defendant, with whom defendant was on bad terms, and who resided in a distant state. The attorney on the same day wrote S. inquiring in regard thereto. S. replied the conversation was untrue, and that he knew from plaintiff himself that the note had been paid. Defendant then set up this matter as newly discovered evidence for a new trial. *Held,* that it could not be said there was not a sufficient showing of diligence.

*Appeal from the LaFayette Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Alex. Graves,* for appellant.

(1) There was an utter lack of diligence on the part of defendant Kelly, in not discovering this newly discovered evidence until after judgment had been rendered against him upon the first trial, and the record will not sustain this tampering with the first judgment rendered in favor of the plaintiff. And diligence is held to be a vital test. *Bank v. Sheen,* 101 Mo. 683; *State v. Ray,* 53 Mo. 349; *Cohen v. Kyler,* 27 Mo. 122; *Snyder v. Burnham,* 77 Mo. 52; *Hauley v. Association,* 69 Mo. 382; *Richardsom v. Former,* 36 Mo. 46. The books abound with similiar instances. *Fretwell v. Laffoon,* 77 Mo. 30; 3 Graham & Waterman on New Trials, 398; *Miller v. Whitson,* 40 Mo. 103; *People v. Supreme Court,* 5 Wend. 114; *Goff v. Mulholland,* 33

Mo. 204; *Wafles v. Overaker,* 13 S. W. Rep. 529; *Grace v. McArthur,* 45 N. W. Rep. 520. (2) The proposed newly discovered evidence was an after-thought, and is wholly cumulative, and should be dis-countenanced. The court will view this matter with suspicion. *Cook v. Railroad,* 56 Mo. 382; *State v. Ray,* 53 Mo. 394; *Miller v. Whitson,* 40 Mo. 103. (3) But, if this "newly discovered evidence" is not cumulative, then it is wholly immaterial to the issue as made by the plead-ings, and, therefore, the court could not lawfully have granted this new trial. *Anderson v. Bank,* 66 How. Pr. Rep. 10, 11; *Weil v. Poston,* 77 Mo. 287, and cases cited; *Miller v. Whitson,* 40 Mo. 103; *People v. Superior Court,* 10 Wend. 285; *Raphelsky v. Lynch,* 43 How. 157; 2 Jones & Spencer, 31; 12 Abb. (N. S.) 224; *Anderson v. Bank,* 66 How. 8; *Brickly v. Walker* (1890), U. S. Dig. (Wis.) sec. 135, p. 944; *Girard v. McCarmack,* 8 N. Y. S. 860. (4) As to the discretion of the court (trial court) to grant new trials upon newly-discovered evi-dence, this discretion "to be exercised is legal and not arbitrary, and must be governed by legal authority." *Passim.* And this is the rule of court from which our practice is adopted. *Carpenter v. Coe,* 67 Barb. 411; *Platt v. Munroe,* 34 Barb. 291.

*Jno. E. Burden,* for respondent.

(1) The new testimony of R. M. Sparks tending to prove payment of note in controversy is not cumu-lative. "Cumulative evidence is additional evidence to the same point, and which is of the same character with evidence already produced." *Mfg. Co. v. Van Riper,* 4 Vroom (33 N. J. Law) 152; *Den v. Winternint,* 1 Green (13 N. J. Law), 177; *Smith v. Masten,* 15 Wend. 270; *Guyat v. Butts,* 4 Wend. 574; *Oakley v. Sears,* 1 Robt. (N. Y.) 73. Granting new trial is

discretionary with the trial court. *McDonnough v. Micholson*, 46 Mo. 35; *Helm v. Bassett*, 9 Mo. 54; *Bank v. Armstrong*, 92 Mo. 280, and cases cited; *Meyers v. Brownell*, 2 Aikens (Vt.) 407; 16 Am. Dec. 731; *Howland v. Reeves*, 25 Mo. App. 467; Haynes on New Trials, sec. 87; *Oldham v. Henderson*, 4 Mo. 295; *State v. Floyd*, 15 Mo. 349; *Helm v. Bassett*, 9 Mo. 54, 55. (2) "If the judgment of the trial court granting a new trial can be sustained on any ground, this court will not interfere." *Bank v. Armstrong*, 92 Mo. 282. (3) There was no negligence in not discovering the evidence · sooner. *Howland v. Reeves, supra.*

ELLISON, J.—This is a suit on a promissory note executed by Hudnall, Sparks and defendant. Sparks and defendant were sureties for Hudnall. Defendant was alone sued, and he interposed an answer admitting the execution of the note, but setting up facts in the nature of an estoppel *in pais*, in that plaintiff by his conduct had prevented defendant from getting indemnifying security from Hudnall, which but for such conduct he would have obtained. A finding was obtained by plaintiff on a trial before the court without a jury. A new trial was granted to defendant on account of newly discovered evidence. Plaintiff excepted to the action of the court in granting the new trial and refused to appear in said new trial, and after judgment rendered for defendant he appealed the case to this court on the ground that the new trial was improperly granted. After the motion for a new trial was granted defendant amended his answer, setting up payment of the notes.

There are two grounds upon which plaintiff says that the new trial was improperly granted: *First*, that the newly discovered evidence was cumulative, and,

*second,* that there was a lack of diligence on defendant's part in not discovering this evidence before the trial. At the threshold of plaintiff's case he is met with the strong, though not absolutely insuperable, barrier of a trial court's discretion in the matter of granting new trials. The books are well filled with declarations by authors and courts which vigorously maintain that this function belongs naturally and peculiarly, though not exclusively, to the trial court. In plain cases, *free from doubt,* the appellate court will revise such discretion in the *plain* and *apparent* interest of justice under the forms of law. In examining the law on this subject, care should be taken not to confuse the language of courts in approving the action of a trial court in refusing a new trial with language applicable to cases where a new trial had been granted. In other words the language of courts in sustaining the discretion which has been exercised by the trial court is often not applicable to a case overturning such discretion. With this remark, merely by way of caution in consideration of the case, we will see what foundation there is for this appeal to rest upon. As before stated the pleading presented the issue, not of payment, but of conduct on plaintiff's part which misled defendant to his prejudice, whereby he was discharged. And the evidence was under this issue. Defendant testified that the plaintiff "told me that Hudnall had paid $500 on the note and had secured the balance, and that I was released, and that the note was paid so far as I was concerned." That in consequence of this he failed to take indemnity of Hudnall, which he could and would have taken. That Hudnall was then solvent though engaged in hazardous matters which had alarmed defendant, and that he afterwards became insolvent,

His newly discovered evidence was that of his cosurety Sparks, living at a great distance in another state, and was to the effect that the note had been paid off in full. It takes but a mere statement of these simple facts to demonstrate beyond cavil that there is nothing cumulative in the proposed testimony of Sparks. It is not necessary here to give a technical definition of cumulative evidence, nor to enter into a discussion of the various decisions as to what should or should not be considered cumulative evidence; suffice it to say, that no proposed evidence can rightfully be said to cumulate on evidence already heard which does not relate to the same point or issue in the cause. This ought to strike all as quite evident. Here the testimony already given was under an issue which did not deny but that the balance on the note remained unpaid. The evidence and the issue was to the effect that though the note was not paid you (plaintiff) have by your conduct released or discharged me of any obligation in relation thereto. The evidence proposed is to show that the whole note was in fact paid.

II. Nor can defendant be justly charged with a lack of diligence. He was a surety for the principal in the note, and had no knowledge that the note, was paid until after the trial. He had nothing to lead him to suppose it had been paid. Plaintiff had the note and defendant had not learned of its payment. The witness he proposed was his cosurety, but was his enemy, and lived a distance of five hundred miles in an adjoining state. There was nothing in the case to lead him to suspect that the note had been paid, much less that this man knew of it. Defendant never heard of the Sparks testimony till after the trial. During the taking of plaintiff's testimony at the trial he testified to

something which he said Sparks had said to him concerning the note and Hudnall. Defendant's attorney wrote to Sparks immediately, calling upon him to lay aside his ill feeling to defendant, and write him (the attorney) if he had had the conversation referred to, and to tell him what he knew about the note. Sparks answered this letter in due course, stating that he had not had such conversation, but that he knew from plaintiff himself that the note had been paid. Now defendant's attorney was led to write to Sparks from the statement made by plaintiff on the witness stand near the close of the trial, and he wrote to Sparks on the same day. Neither he nor his client had before this any knowledge which would lead them to suspect that Sparks could figure in the case as a witness. As before stated, Sparks held no relations with him and lived at a great distance, while Hudnall, the principal, was dead. We feel free to say that the record does not plainly or clearly disclose anything whereby a want of diligence can be charged against defendant in the face of the circuit court's conclusion thereon. We could not disturb the action of the trial court in this case without robbing such courts of that discretion in matters of this nature with which the law has so wisely clothed them. The judgment will, therefore, be affirmed. All concur.