ANDREW J. POWELL, Appellant, v. MISSOURI PACIFIC RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, May 28, 1894; Rehearing Denied November 5, 1894; and Transfer to Supreme Court Denied December 3, 1894.

1. Trial Practice: NEW TRIAL: DISCRETION OF COURT. The granting or refusing of a new trial rests peculiarly within the discretion of the trial court.

2. Appellate Practice: NEW TRIAL: DISCRETION OF COURT. In plain cases free from doubt, the appellate court will revise the trial court's discretion in granting or refusing a new trial in the plain interest of justice and will exercise its right of revision more freely when the trial court has refused than when it granted a new trial.

3. ——: ——: ——. An appellant from the order of the court granting a new trial has to show that there has been an abuse of the sound discretion of the trial court, and that there is nothing in the record to justify the order on either the grounds it specifies or other grounds alleged in the motion. If any objection is well taken, the order must be affirmed.

4. Trial Practice: NEW TRIAL: WEIGHT OF EVIDENCE. The trial court in passing on a motion for a new trial will weigh the evidence and pass upon the bias of witnesses. And, if the verdict is not supported by the evidence, it should never hesitate to grant a new trial and, generally speaking, will do so if not satisfied with the finding, but will not ordinarily disturb a verdict as against the weight of evidence, unless the preponderance is so great as necessarily to imply passion, partiality or sympathy.

5. ——: ——: EVIDENCE. The evidence in this case is considered and *held* sufficient to go to the jury and support their verdict. SMITH, P. J., analyzing the evidence, *holds* the same insufficient to show any liability of the defendant; and that as to the value of the stock killed, it is unsupported by the evidence and quite convincing that the jury did not arrive at a verdict by a fair consideration of the evidence and were not themselves satisfied with the plaintiff's case.

6. Appellate Practice: NEW TRIAL: TRIAL COURT'S DISCRETION. Where the trial court sustains a motion for a new trial for a reason assigned in the order, the appellate court should not assume that the trial court exercised its discretion in favor of the other reasons assigned in the motion for a new trial or has condemned the verdict for any other than the assigned reason.

7. Jury: CONFINED TO EVIDENCE: VALUES. The jury can not act in any case upon particular facts material to its disposition resting in the private knowledge of its members, but it must be governed by the evidence adduced. Yet it may, and, to act intelligently, must, judge of the weight and force of that evidence by its general knowledge of the subject of the inquiry; and so the judgment of witnesses as to value is not, as a matter of law, to be accepted by the jury in the place of their own. And the party against whom damages are assessed can not complain that such damages are less than the evidence showed had been sustained. SMITH, P. J., *holding* the above rule may be properly invoked to sustain a verdict where there is no implication of prejudice, partiality or passion, but that the rule is wholly inapplicable in a case of this sort.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

REVERSED AND REMANDED.

*Gates & Wallace* for appellant.

(1) The court ought not to have granted a new trial at request of defendant. There was not only abundant evidence to support the verdict, but the weight of the evidence as to the value of the stock killed was all one way. There was absolutely no evidence whatever, even tending to prove that the stock was not worth at least the value fixed by the verdict. (2) To entitle a party to a new trial an error must be against him, not in his favor. The verdict was for a less amount than the jury might have given under the pleadings and evidence if it had seen fit to do so. Defendant was not injured by this. If plaintiff did not complain, it had no right to do so. 1 R. S. 1889, sec. 2100, p. 552; *Matney v. The Griggs Bros. Co.*, 19 Mo. App. 107, *loc. cit.* 112; *State v. Burr*, 81 Mo. 108, p. 111; *Garth v. Caldwell*, 71 Mo. 622, *loc. cit.* 628; *Keen v. Schnedler*, 92 Mo. 516, pp. 526, 527; *Ridenhower v. Railroad*, 102 Mo. 270, *loc. cit.* 287. (3) The jury were not bound to take as conclusive the opinions of the witnesses as to the value of the stock, the kind, quality and age of the cattle and colts, having been shown by the evidence; the jury had the right in fixing the value to take into consideration their own knowledge and experience, and to give a less amount than that testified to by the witnesses. *Rose v. Spies*, 40 Mo. 20; *Nagel v. Railroad*, 75 Mo. 653, *loc. cit.* 666. The verdict was so decidedly against the weight of evidence in the case that the fact becomes apparent from the most casual consideration of the testimony of the several witnesses. It is not only the province, but the duty of the trial court to consider the evidence in the case and to set aside a verdict whenever convinced that it is against the weight of the evidence. *McKay v. Underwood*, 47

Mo. 147; *McDonough v. Nicholson*, 46 Mo. 35; *Eidmiller v. Krump*, 61 Mo. 342; *Cook v. Railroad*, 56 Mo. 384; *Reed v. Ins. Co.*, 58 Mo. 429; *Taylor v. Fox*, 16 Mo. App. 527; *Helm v. Bassett*, 9 Mo. 52; *Wright v. Railroad*, 20 Mo. App. 481; *Fire Clay Works v. Ellison*, 30 Mo. App. 67, *loc. cit.* 82; *Head v. Hargrave*, 105 U. S. 45; *McReynolds v. Railroad*, 106 Ill.; *Anthony v. Stinson*, 4 Kan. 212; *Bently v. Brown*, 39 Kan. 14; *Patterson v. Boston*, 20 Pick. (Mass.) 154; *Murdoch v. Sumner*, 22 Pick. (Mass.) 158. The motion for a new trial does not assign as one of its grounds that the verdict is not supported by the evidence, nor that the evidence is insufficient. *Fox v. Young*, 22 Mo. App. 386, *loc. cit.* 388.

*Elijah Robinson* for respondent.

(1) Plaintiff having appealed from the order of the trial court granting a new trial, it devolves upon him to show from the whole record in the case that the new trial could not have been properly granted for any of the reasons assigned in the motion. *Bank v. Armstrong*, 92 Mo. 265; *State ex rel., etc., v. Adams*, 84 Mo. 310; *Lovell v. Davis*, 52 Mo. App. 342. (2) Under the rule promulgated in the cases above referred to, the question for this court to decide is whether or not the action of the trial court in granting a new trial can be sustained on any one or more of the grounds specified in the motion.

SMITH, P. J.—This is an action which was brought by the plaintiff against defendant to recover double damages under the statute for the killing of seven cows and two colts. There was a trial by jury which resulted in a verdict for the plaintiff. The court on motion of defendant ordered the verdict set aside, and from this order the plaintiff has appealed.

The ground upon which the court set aside the verdict, as appears by its order, was that the verdict was not supported by the evidence or the weight of evidence as to the value of the property. One of the several grounds alleged by defendant in the motion was that the verdict was against the weight of the evidence. The granting or refusing of a new trial rests peculiarly within the discretion of the court. *Ensor v. Smith*, 57 Mo. App. 584; *McCullough v. Ins. Co.*, 113 Mo. 606; *Bank v. Armstrong*, 92 Mo. 265; *McCoy v. Underwood*, 47 Mo. 187; *McDonough v. Nicholson*, 46 Mo. 35; *Eidmiller v. Krump*, 61 Mo. 342; *Huckhold v. Raiload*, 90 Mo. 548.

In *Longdon v. Kelley*, 51 Mo. App. 572, it was declared that, "at the threshold of plaintiff's case he is met with the strong, though not absolutely insuperable, barrier of a trial court's discretion in the matter of granting new trials.    *    *    *    In plain cases *free from doubt* the appellate court will revise such discretion in the plain or apparent interest of justice under the forms of the law." And in *Ensor v. Smith, supra,* we said that it has been declared that the right of revision will be exercised more freely by the appellate court when it has *refused* than when it has *granted* a new trial, and for the reason doubtless that the parties can again go to the jury upon the issues joined and the successful party still has an opportunity to obtain a concurring verdict."

The plaintiff having appealed from the order of the court granting the new trial, the burden rests upon him to show that there has been an abuse of the sound discretion of the trial court. This is sometimes quite a difficult task, since in such cases every presumption is in favor of the correctness of the action of the court until the contrary is made to appear, consequently it devolves on the plaintiff to show that there is noth-

ing in the record of the case to justify the order on either of the grounds it specifies or on any one of the other grounds alleged in the motion. *Lovell v. Davis*, 52 Mo. App. 342; *Ensor v. Smith, supra; Hewett v. Steele,* 24 S. W. Rep. 443. If any of these objections to the verdict are well taken the plaintiff must fail and the order appealed from be affirmed. *State ex rel. v. Adams*, 84 Mo. 310.

It is the duty of the trial court in passing upon a motion for a new trial to weigh the evidence, to pass upon the bias and conduct of the witnesses as observed by the court. *Wright .v. Railroad*, 20 Mo. App. 481. And when it is of the opinion that the verdict is not supported by the evidence it should never hesitate to grant a new trial. *Reed v. Ins. Co.*, 58 Mo. 429. Generally speaking, it must be satisfied with the finding, otherwise it is its duty to grant a new trial. *Helm v. Barrett*, 9 Mo. 52. It will not ordinarily disturb a verdict on the ground merely that it is against the weight of the evidence, yet when the preponderance is so great as necessarily to imply passion, partiality or sympathy it will not hesitate to do so. *Baker v. Stonebraker*, 36 Mo. 338; *Whitsett v. Ransom*, 79 Mo. 258; *Spohn v. Railroad*, 87 Mo. 74; *Garrett v. Greenwell*, 92 Mo. 120; *Friesz v. O'Fallon*, 24 Mo. App. 439; *Empey v. Railroad*, 45 Mo. App. 425. As was remarked in the last cited case, "we do not say there was no evidence upon which to base the jury's finding, but the preponderance in favor of the defense is so overwhelming as necessarily to imply the grossest partiality or prejudice on the part of the jury."

The vital and decisive issue of fact which it was the function of the jury in this case to decide was whether the defendant's fence separating the plaintiff's lot from its right of way such as the statute required, and if, not, whether in consequence thereof the plaintiff's

cattle, which were confined in said lot, escaped there-from and strayed upon the defendant's railway track and were there struck and killed by its locomotive and cars. It was indisputably shown that the defendant's fence along where it encloses that part of defendant's road passing through plaintiff's farm, was not of the full height required by the statute. The plaintiff testified that he had the height of the fence measured just previous to the first trial of the case and that there had been no change in it between that time and that of the accident. The three witnesses who measured the height of the fence at the plaintiff's request testified that they measured east from the private gate of plaintiff therein eighty feet and that the height varied from three feet one inch to four feet two inches.

But, though the defendant's fence was not of the height required by the statute, still was there substantial evidence adduced from which it could be reasonably inferred by the jury that the plaintiff's cattle escaped through it? Immediately after the accident the plaintiff presented a claim to the defendant for his loss, accompanied with a statement relating to the same, wherein he declared that he could not state positively how his cattle got on defendant's railway tracks. He testified at the trial that he took it for granted from the condition of the fence, that they got through it instead of going through the gate there. He further testified that the next morning after his cattle were killed he found "the gate fastened with a piece of railroad tie propped against it." The herd, of which the seven killed were a part, consisted of thirteen head of thoroughbred shorthorn cows, some of which were giving milk while others were with calf. It is the concurrent testimony of all the witnesses that if they jumped the barbed wire fence they must have cleared it, since its sharp barbs showed no trace of blood or

hair.    It is incredible that these large, fine cows,
some of them having immense udders, could, like a
herd of deer, bound over a fence of the height this was
shown to have been, without touching it.    It is con-
trary to common observation and experience.    Cer-
tainly they did not force their bodies through between
the wires, for a dog could scarcely have accomplished
that without injury.    There is no evidence that after
the accident there was discovered a seeming wire
scratch on either cow or colt.    That they escaped over
or through the defendant's fence is an unreasonable
inference.    But that they escaped through the plain-
tiff's gate is an inference as reasonable as the other is
unreasonable.    This gate was placed in the defendant's
fence by the plaintiff for his own convenience to enable
him to gain access to defendant's right of way, and
from thence through another gate opening into plain-
tiff's pasture on that side of the right of way.    The
defendant, about fifty rods east from these gates, had
constructed and maintained a stationary farm crossing
with gates, etc., for the use of the plaintiff.    The
gate in question was a device of the plaintiff's own
construction and had no latch or other fastening to
keep it shut.    The plaintiff's son, eleven years old at
the time of the accident, testified that in the evening
previous thereto he had driven the cattle from the
pasture and had turned them into the lot through this
gate, and that after doing so he fastened it with a rope.
At the trial, which was four years after such alleged
fastening of the gate, he exhibited to the jury a rope,
which he stated was similar in size to the one he used
in fastening the gate, and showed to the jury *the kind
of knot he remembered to have used on that occasion.*

The uncontradicted evidence of the witnesses,
Samuel Way, William Frazier, Lee Elliott, William
and A. L. Jones, was to the effect that they reached

the place where the plaintiff's cattle were struck at 8 or 9 o'clock in the evening, and a few minutes after the accident occurred, and that they found the plaintiff's *gate standing open*—that they fastened it with a piece of tie, and this statement was corroborated by plaintiff, who testified that he found it in that condition the next morning. This could not have been, at furthest, more than two or three hours after the time the plaintiff's son stated that he had so carefully fastened the gate.

But this is not all. The witness, O. H. Pierce, testified that he had been connected with defendant's claim department, and while so connected he had a conversation with plaintiff about the loss of his cattle, in which "I told Mr. Powell that the stock must have gone through the gate put in by him, and asked him if he knew any other way they could have gotten on the track. He said *he was satisfied they got through the gate.* He said he thought the company liable because they ought to have put in a good gate for him." This, it is true, was denied by plaintiff.

Now there is nothing in the record tending to show that all of these last named witnesses were not persons whose character for truth and veracity generally, was not the very best. It is not denied that at the time of the accident some of them were and some of them were not in the employ of the defendant, but if all of them had been employed, most surely it cannot be said that this circumstance alone would disqualify them to tell the truth, or justify the rejection of their testimony as unworthy of consideration. It may be inferred from their own testimony that they were mostly from the humble walks of life—mere "bread winners," yet is this of itself cause to discredit their testimony in a court of justice? They must have

been discredited, otherwise the verdict would not have been as it was.

It therefore seems to me, that in view of all the evidence, that the fair and reasonable inference to be deduced is that the cattle escaped through the plaintiff's gate. Indeed I do not think, as has already been stated, it justifies at all the other inference which must have been drawn by the jury, namely, that plaintiff's cattle escaped through the defendant's fence. It is ordinarily a question for the jury alone, but it is a question for the court as well, when the facts which the evidence tends to establish do not warrant the inference which it clearly appears by the verdict of the jury that they must have drawn. The evidence, in my opinion, so greatly preponderates in favor of the negative of the issue of fact, which I stated at the outset was for the jury, that its finding the other way necessarily implies passion, prejudice or partiality.

And this implication is further strengthened by the fact that, notwithstanding all the witnesses who showed themselves qualified to express an opinion as to the value of the plaintiff's cattle, placed such value at more than double that found by the jury. There was no testimony, not even that of Way, who showed himself unacquainted with the value of shorthorn cattle, placing the value at that found by the jury. The amount of the verdict, when taken in connection with the evidence as to the value of the cattle killed, is quite convincing that the jury did not arrive at a verdict by a fair consideration of such evidence and that they were not themselves satisfied that plaintiff had made out a case, and were not, therefore, willing to give him the amounts to which he was clearly entitled, if entitled to recover at all. They must have been influenced by considerations other than the evidence and instructions

or else they would not have awarded him the small amount of damages they did.

In cases where the verdict of the jury does not give rise to the implication of prejudice, partiality or passion, the rule that the jury is not bound to accept as conclusive the testimony of witnesses as to kind and value of chattels may be properly invoked to sustain it. *McReynolds v. Railroad*, 105 U. S. 45; *Murdock v. Sumner*, 22 Pick. 156.

But in a case of this sort it is wholly inapplicable for that purpose.

The action of the trial court in ordering a new trial was fully justified on the grounds of the defendant's motion therefor which I have hereinbefore mentioned. Accordingly I think that the plaintiff has failed to make out a case that would warrant our interference with the discretion of the trial court in setting aside the verdict, and, therefore, I think the order appealed from should be affirmed.

ELLISON, J.—No criticism is offered to the statement of the law made by Judge SMITH as to the latitude of the discretion reposed in the trial court in granting or refusing a new trial. But in considering this case we should be careful to note the matter upon which the trial court has exercised a discretion. The new trial was granted by the trial court for the reason "that the verdict is not supported by the evidence and the weight of the evidence as to the value of the property sued for." It will be noticed that the reason given by the trial court is that the verdict was not supported by the evidence as to the *value* of the property. It exercised its discretion on that point in favor of defendant's motion for new trial. As no other ground is assigned for sustaining the motion we should certainly not assume that the trial court exercised its discretion

in favor of the other reasons assigned in the motion for new trial. It can not be said that for any other reason than that assigned by the trial court has it condemned the verdict of the jury. So that when the opinion treats of the verdict being against the evidence as regards its showing a case made against defendant, it can not call to its aid the action taken by the trial court. The case then, on the question whether there was any evidence in plaintiff's behalf tending to make a case for the jury to pass upon, must be considered without reference to the reason assigned by the trial court, since that reason does not touch this question. As to this it is sufficient to say that there was abundant evidence to justify the trial court in submitting the case to the jury. This evidence was ample to make a case for plaintiff, not alone as given by plaintiff and his two sons, but by disinterested parties.

Coming then to a consideration of the point upon which the court granted the new trial, to wit, that the verdict is not supported by the evidence as to the value of the animals killed. It is true that the preponderance of the evidence placed the animals at a greater value than the amount of the verdict. Viewing this as a legal proposition it is apparent that error was committed against the plaintiff. The law in this state, as evidenced by analogous cases, is that the jury is not confined to the estimate which may be made by witnesses; the jury may consider such estimates of value and may find a verdict for an amount less than such estimates. This has been held in cases involving the value of professional services, about which a jury would probably know much less than as to the value of cattle. The judgment of the witness as to value is not, as a matter of law, to be accepted by the jury in place of their own. "While they can not act in any case upon particular facts material to its disposition resting in their private

knowledge, but should be governed by the evidence adduced, they may, and, to act intelligently, they must, judge of the weight and force of that evidence by their own general knowledge of the subject of the inquiry." *Head v. Hargrove*, 105 U. S. 45; *McReynolds v. Railroad*, 106 Ill. 152; *Rose v. Spies*, 44 Mo. 23; *Missouri F. C. Works v. Ellison*, 30 Mo. App. 82.

And so it has been frequently held that the party against whom damages are assessed by a jury can not complain that such damages have been placed at a less sum than the evidence showed had been sustained, *Gifford v. Webber*, 38 Mo. App. 595; *Alderman v. Cox*, 74 Mo. 78.

The verdict, therefore, should not have been set aside and the judgment will be reversed and cause remanded with directions to reinstate the verdict and enter judgment thereon. GILL, J., concurs.