MASON & HENRY, Respondents, v. A. D. ONAN, Appellant.

Kansas City Court of Appeals, November 9, 1896.

Appellate Practice: NEW TRIAL: TRIAL COURT'S DISCRETION: EVIDENCE. The trial court has more latitude to grant a new trial than the appellate court, and the latter will not interfere with the former's discretion, except in plain cases, and will be slower to interfere where a new trial is granted than where it is refused; and, on the review of the evidence in this case, it is *held* not to be so overwhelmingly in favor of appellant as to render the trial court's action in granting a new trial unreasonable and arbitrary.

*Appeal from the Clay Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*Sandusky & Sandusky* and *Simerall & Trimble* and *William J. Courtney* for appellant.

The evidence showed Gynne's agency to sell the property for appellant.

*Hardwick & Hardwick* for respondents.

No brief filed.

ELLISON, J.—One Gynne, acting, or assuming to act, as agent for plaintiffs, sold some live stock belonging to them to the defendant. Plaintiffs, on hearing of the sale, denied Gynne's agency and replevied the

stock from defendant. On trial of the cause in the circuit court the defendant obtained a verdict. Plaintiffs thereupon filed a motion for new trial, and the court sustained the motion. Whereupon the defendant appealed to this court, complaining of the action of the trial court in setting aside the verdict and granting a new trial. The ground upon which the trial court sustained the motion was, "that the authority of Gynne to make the sale was not sufficiently proven."

The appellant states that the only question before this court is whether there was sufficient evidence to sustain the verdict of the jury. That statement is not fully satisfactory to us. The better way to state the question would be whether the evidence tending to support the verdict of the jury is so clear and unequivocal in its support of the verdict as to place the verdict beyond the discretion of the trial court to set it aside. There might be evidence sufficient, in our opinion, to support the verdict of a jury, if it met the approval of the trial judge, which would not be sufficient if it did not meet his approval. The trial court has more latitude to grant a new trial than has an appellate court; and a part of the reason, always at the bottom of an appellate court's refusal to disturb a verdict, is that it has met the approval of the trial court. The trial court has a discretion in the matter of new trials which we will not interfere with, except in plain cases, and we will be slower to interfere where a new trial is granted than where it is refused. *Longdon v. Kelly*, 51 Mo. App. 572; *Ensor v. Smith*, 57 Mo. App. 584; *Powell v. Railroad*, 59 Mo. App. 335. In this case the trial court has exercised its discretion as to a new trial and we can by no means say that the evidence, on the question of agency, is so overwhelmingly in favor of such agency as to render the court's contrary view wholly unreasonable and an arbitrary abuse of discretion. The law

has reposed in the trial courts, primarily, the power to grant a new trial. Their opportunity for correctly judging of the propriety of a new trial, in the interest of justice, is necessarily greater than that of an appellate court, and we should not interfere with their action except in cases free from doubt. And this case is not of that class. An examination of the evidence has satisfied us that there has not been an abuse of discretion and we affirm the order of the court in granting a new trial. All concur.