C. E. YATES, Respondent, v. W. D. SHANKLIN, Appellant.

**Kansas City Court of Appeals, November 5, 1900.**

**Appellate and Trial Practice:** SETTING ASIDE VERDICT: WEIGHT
OF EVIDENCE. Whether a verdict is against the weight of the
evidence is a question which lies peculiarly within the discretion
of the trial court, whose action will not be questioned in the appellate tribunal except in case of manifest abuse. Cases considered and Edwards v. Railway, 82 Mo. App. 478, distinguished.

Appeal from the Carroll Circuit Court.—*Hon. J. P. Butler,*
Judge.

AFFIRMED.

  *Lozier & Morris* for appellant.

· (1)   The issue was one of fact, in the determination
of which the jury passed on the credibility of witnesses
and the weight of their testimony.   As the evidence overwhelmingly supports the verdict it should stand.   Edwards
v. Railway, ·82 Mo. App. 478; Beckley v. Skroh, 19 Mo.
App. 75; Culbertson v. Hill, 87 Mo. 553; Gregory v. Chambers, 78 Mo. 294; 1 Thompson on Trials, sec. 1037, 1038;
Mill Co. v. Bruihl, 51 Mo. 144; Coudy v. Railway, 85 Mo.
79; ·McAfee v. Ryan, 11 Mo. 365; Bryan v. Wear, 4 Mo.
106; Bradford v. Rudolph, 45 Mo. 426.   (2)   In actions
founded on tort and sounding merely in damages a new trial
should not be granted by the trial court either on the ground
of smallness of damages, or because no damages were
awarded, unless the verdict shocks the understanding and

leaves no ground for doubt as the prejudice and passion of the jurors. Edwards v. Railway, 3 Mo. App. Rep. No. 4, page 165, and cases cited.

*Busby & Kneisley* and *Virgil Conkling* for respondent.

(1) This verdict was clearly against the evidence. The testimony was overwhelming and uncontradicted to the effect that defendant had permitted and maintained a nuisance and that plaintiff was injured thereby. (2) Granting new trials because of conflict with the evidence is peculiarly within the province of the trial court. Appellate courts will not interfere with its discretion except when arbitrarily exercised. Mauerman v. Railroad, 41 Mo. App. 357; Rickroad v. Martin, 43 Mo. App. 603; Taylor v. Scherpe Co., 47 Mo. App. 257; Longdon v. Kelly, 51 Mo. App. 572; Powell v. Railroad, 59 Mo. App. 340; O'Meara v. Swandson, 62 Mo. App. 73; Mason & Henry v. Onan, 67 Mo. App. 291; Jefferson v. Life Ass'n, 69 Mo. App. 134; Ins. Co. v. Goodrich, 74 Mo. App. 360; Reid v. Ins. Co., 58 Mo. 429; Whitsett v. Ransom, 79 Mo. 258; Bank v. Armstrong, 92 Mo. 265; Bank of Brunswick v. Wood, 124 Mo. 72; Lawson v. Mills, 130 Mo. 171; Van Liew v. Barrett, 144 Mo. 509; Chouquette v. Railroad, 152 Mo. 266.

ELLISON, J.—This action is founded on an alleged nuisance maintained by defendant on his property whereby the plaintiff's property was alleged to be injured and the health and convenience of plaintiff greatly damaged. The verdict was for defendant. A motion was made to set aside the verdict and grant a new trial. This motion was ordered to be sustained by the trial court on the ground among others that the verdict was against the evidence in the cause. The defendant appealed from this order.

When the verdict is against the evidence in a cause it is ground for a new trial. We have therefore only to satisfy ourselves that the court was justified, under the rules of law and practice applicable to such question, in making the order. This court and the supreme court have several times ruled that on the question whether a verdict is against the evidence or the weight of the evidence is one which lies peculiarly within the discretion of the trial court. That such discretion will not be questioned in the appellate court only in such exceptional cases where it has been manifestly abused. And that in considering whether there has been such abuse of discretion more latitude is allowed the trial court where a new trial has been *granted* than where it has been refused. This for the manifest reason that where the new trial is granted, the case remains open and justice, it must be assumed, will yet be done. The following cases maintain and explain this rule of law and practice. Longdon v. Kelly, 51 Mo. App. 572; Rickroad v. Martin, 43 Mo. App. 597; Mason v. Onan, 67 Mo. App. 290.

"The granting or refusing of new trials, on the ground that the verdict is against the weight of the evidence, rests peculiarly with the judge presiding at the trial, and his discretion in this particular will rarely be interfered with, unless it plainly appears that injustice has been done, or that it has been unsoundly or arbitrarily exercised." Bank v. Armstrong, 92 Mo. 280. "Circuit courts have large discretion in the matter of granting new trials, particularly upon the ground that the verdict is against the weight of evidence. This court has often ruled that, in law cases, where there is a conflict in the evidence, it would not review it and determine its weight, and it has as often declared it to be not only the right, but the duty of circuit courts to supervise the verdicts of juries and grant new trials, if the verdict is, in their opinion, against the weight of evidence." Bank v.

Wood, 124 Mo. 76. "It was not only within the power of the circuit court, but was its plain duty, to set aside the verdict, if satisfied that such verdict was not sustained by the evidence. The appellate courts will not review the evidence and pass upon its weight in suits at law. That is particularly within the province of the trial courts." Van Liew v. Barrett Beverage Co., 144 Mo. 514.

Defendant has called our attention to the case in this court, of Edwards v. Railway, 82 Mo. App. 478. Quotations are made from that case which if disassociated from the matter there under review lends support to his contention that the trial court was without authority to set aside the verdict in his behalf. But the point there being discussed was the right of the jury to determine the *amount* of unliquidated damages to be awarded in actions of tort. The general language used in that case as to the rightful authority of courts and juries respectively was meant, of course, to be applied to the matter of contention between the litigants in that case. In this case defendant's instructions impliedly concede that plaintiff has been damaged but the jury has evidently determined that such damages could not be attributed to defendant.

Under the views which we have here expressed it has only been necessary for us to ascertain whether the evidence discloses a manifest abuse of the trial court's discretion. An examination of the record satisfies us that it does not, and we will direct an affirmance of the judgment. All concur.