## BLOCH QUEENSWARE COMPANY, Appellant, v. SMITH, SAXTON & CO., Respondent.

### Kansas City Court of Appeals, April 25, 1904.

1. **APPELLATE PRACTICE: New Trial: Granting.** Where a new trial is granted below an appellate court will look at the matter with less scrutiny than if it had been refused.

2. ————: **Filing Bill of Exceptions: Definitions: "To Term."** While the word "to" is generally a word of exclusion, its meaning is ascertained from the reason and the sense in which it is used; and where the time for filing the bill of exceptions is extended to a given term of court the time is limited to the first day of the term and the filing on the second day is too late.

Appeal from Adair Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*G. E. McDowell* and *P. J. Rieger* for appellant.

(1) The court erred in sustaining defendant Smith's motion for a new trial. A client is bound by the act of his attorney in court. The defendant filed two separate answers in this cause, neither of which were under oath, nor was any affidavit filed with the pleadings, denying the existence of the partnership of defendants, as required by section 746, Revised Statutes 1899. If defendant wanted to deny the existence of the partnership, he should have complied with the plain provisions of the statute. Flynn v. Neosho, 114 Mo. 567; Bates v. Scheik, 47 Mo. App. 642; Mitchell v. Railton, 45 Mo. App. 272; Myer v. Ins. Co., 73 Mo. App. 169. (2) Because no legal reasons were given by the court for granting a new trial. Mistakes of attorneys are no ground for granting a new trial. State v. Dreher,

137 Mo. 23; Fretwell v. Laffon, 77 Mo. 26; Tittman v. Thornton, 107 Mo. 500.

*Millan & Greenwood* and *J. M. McCall* for respondent.

(1)   The court had full power to grant a new trial under the statute. R. S. 1899, sec. 800. "Courts having common law jurisdiction possess the inherent power to set aside their judgments at any time during the term at which they were rendered with, or without a motion where the judge is of opinion that for any reason an injustice has been done or a fair trial was not had." Hesse v. Sey, 88 Mo. App. 66; Head v. Randolph, 83 Mo. App. 284. (2) "The appeal is here for review on matters of law and not for this court to substitute its discretion for the discretion of the trial court." Haven v. Railway, 155 Mo. 216. (3) The circuit court having exercised its discretion, its action is not subject to review on appeal. Kuenzel v. Stevens, 155 Mo. 280. (4) Even if the circuit court was wrong in granting a new trial for the reason assigned, yet if from any other reason a new trial should have been granted, the judgment will be affirmed. Saxton v. Railway, 98 Mo. App. 494.

ELLISON, J.—This action is on an account. There was judgment for the plaintiff. Defendant thereupon, in due time, asked for a new trial and his motion to that effect was sustained and plaintiff appealed. We are not prepared to say that there was any abuse of the trial court's discretion in granting the new trial. Where a new trial is granted justice may yet be done between the parties and an appellate court will look to the matter with less scrutiny than if it had been refused. Helm v. Bassett, 9 Mo. 52; Longdon v. Kelly, 51 Mo. App. 572; Ensor v. Smith, 57 Mo. App. 584; Powell v. Railway, 59 Mo. App. 335.

But however that may be, we find that plaintiff was

not at liberty to complain since it failed to file its bill of exceptions in the extended time allowed by the judge in vacation. The time was "extended to the October term of the Adair county circuit court, A. D. 1903." The bill was not filed until the second day of that term. That was too late. "To the October term" meant to the first of the term, that is, up to and including the first day. In some of the cities of the State a term of court, especially the spring term, extends continuously over a period of six months. To say that when time to file a bill of exceptions is extended "to" such a term, meant that the whole period of the term might be taken is unreasonable. The word "to" has no one specific meaning in a legal sense, though it is generally a word of exclusion (Anderson's Law Dict.). Its meaning is ascertained from reason and the sense in which it is used. Thus, if a boundary of land extends to a field, the field itself will not be included in the boundary. Montgomery v. Reed, 69 Maine 510. On the other hand, in State v. Flutcher, 166 Mo. 582, the time for filing a bill was "extended up to the twenty-eighth day of June, 1901;" and the Supreme Court, putting a reasonable construction on those words, held that they meant to include the twenty-eighth day. And so, where the extension was "until" a certain day, such day is included in the time. St. Louis Ry. Co. v. Gracy, 126 Mo. 472. But, generally, if the time named as limiting the extension is designated by a word which includes an extended and indefinite number of days (as in this case to a certain *term* of court) then the word "to" should limit the time to the first day of such period. If the present order had been intended to include the whole term, the word "during" would unquestionably have been used. That word would have been an apt expression of such intention. Harwood v. Toms, 130 Mo. 242.

The case being without a bill of exceptions and finding no error in the record proper, we affirm the judgment. All concur.