HENRY FRIESZ, Respondent, v. JOHN F. FALLON, Appellant.

**St. Louis Court of Appeals, February 1, 1887.**

PRACTICE, APPELLATE — VERDICT AGAINST EVIDENCE — NEW TRIAL. Appellate courts will grant a new trial where the verdict is so opposed to the evidence and to the probabilities arising from all the circumstances that it can be accounted for only on the theory that the jury were prejudiced, or, that they wholly disregarded the instructions of the court,

APPEAL from the St. Louis Circuit Court, SHEPARD BARCLAY, Judge.

*Reversed and remanded.*

ROWE & MORRIS, for the appellant: The verdict is unsupported by the evidence, and should not be allowed to stand. *The State v. Musick,* 71 Mo. 401; *The State v. Zorn,* 71 Mo. 415; *Stumpf v. Mueller,* 17 Mo. App. 283. The verdict is the result of passion or prejudice, or the instructions given by the court were wholly disregarded. *Price v. Evans,* 49 Mo. 396; *Lionberger v. Pohlman,* 16 Mo. App. 393, 398; *Borgraefe v. Supreme Lodge,* 22 Mo. App. 127.

HENRY BOEMLER, for the respondent: Where there is evidence legally sufficient to justify the court in allowing the case to go to the jury, a verdict for the plaintiff can not be set aside by the appellate court as unsupported by evidence. *Schulte v. Railway,* 5 Mo. App. 578. Where the record contains evidence both ways upon a disputed question of fact, the judgment ought not to be reversed on the ground that it is against the weight of evidence. *Perkinson v. Fehlig,* 21 Mo. App. 327; *Hamilton v. Berry,* 74 Mo. 176; *Meyer v. McCabe,* 73 Mo. 236; *Remmler v. Schmidt,* 15 Mo. App.

192 ; *Grave v. City of Kansas*, 75 Mo. 672. If there is substantial evidence to support the verdict, the weight of evidence is solely for the jury and trial court. *Brown v. Railroad*, 13 Mo. App. 463 ; *Siem v. Meir*, 11 Mo. App. 589.

THOMPSON, J., delivered the opinion of the court.

This action was brought before a justice of the peace, on a bill of items, the first consisting of one hundred and seventy dollars, alleged to be "due as per statement," and the balance consisting of several subsequent items for work and labor done, and allowing a credit of thirty dollars, paid at various times. A jury trial in the circuit court resulted in a verdict and judgment for the plaintiff for the amount claimed. The subsequent defence was, that the work was not done for the defendant, but for Mrs. C. M. Fallon, who was the owner of the shop in which the work was done, for whom the defendant was merely acting as manager. The evidence showed that Mrs. Fallon owned the shop, having bought it at a sale by an administrator of the estate of her deceased husband, Wesley Fallon, of which it formed a part ; that the defendant, John F. Fallon, carried on the business of carriage making in the shop as her manager ; that the name of the defendant no where appeared about the premises, upon signs, advertisements, or letter-heads, as the owner of the business ; that in all the writings which passed between the plaintiff and the defendant touching the business, the defendant either appeared merely as "manager," or as "attorney" of Mrs. Fallon. Bank checks were drawn by the defendant in favor of the plaintiff, and collected by him, signed "C. M. Fallon, per John F. Fallon, Att'y," and the plaintiff signed a receipt for thirty-five dollars, reading, "received of John F. Fallon, manager." The plaintiff received from the defendant a book, in which his account was settled, exhibiting the same items as those in the account sued on. The caption of the ac-

count in this book was, "Henry Friesz in account with Wesley Fallon, John F. Fallon, manager."

Wesley Fallon died in 1876, but the widow still used his name in carrying on the business. Down to the time when the defendant became the owner of the business, which was subsequent to the date when the plaintiff's account accrued, the name of Wesley Fallon continued on the sign over the door. A picture hung in the office during the whole period when the plaintiff worked there (nearly a year and a half) having on it the following words in print: "Fallon's Carriage Factory. Wesley Fallon, Carriage Builder, Established 1845. Wesley Fallon, Carriage Builder, 10th & St. Charles Sts. John F. Fallon, Manager, St. Louis." Another advertising picture, that of "Rarus," the celebrated race-horse, hung in the office, with the following words printed upon it: "Established in 1845. Wesley Fallon, Carriage Builder, 10th & St. Charles Sts., St. Louis, Mo., John F. Fallon, manager." The bill-heads, letter-heads, and envelopes, used in the business, all exhibited the name of John F. Fallon as manager. They were scattered about the office where anybody could see them, and the evidence showed that the plaintiff was frequently in the office.

The plaintiff's oral testimony was to the effect that he was hired by the defendant; that he did not know that the defendant was not himself the owner of the business; that he could not read English and never read this book and the other papers, which carried on their face evidence that the defendant was carrying on the business merely as the agent of another. An account was put in evidence by the plaintiff, which the defendant had rendered against the estate of a deceased person for work, which had been done in the shop during the period when the plaintiff was employed there. This account ran in the name of "John F. Fallon, successor to Wesley Fallon." The defendant thus proved up this claim in his own name, and, it seems, received the sum

allowed by the probate court, although he testifies that the work was really done by Mrs. C. M. Fallon. But the defendant also testified that, although the work had been done by Mrs. Fallon, he had bought the bill in 1885. The defendant's evidence was to the effect that he became the proprietor of the business on the eighteenth of April, 1885, having bought the property out at a sale on a deed of trust, and having received this claim from Mrs. Fallon by assignment.

The evidence also showed that, prior to the bringing of this suit, the plaintiff had brought a suit before another justice of the peace on the same cause of action, against Mrs. C. M. Fallon and this defendant, and that he had recovered a judgment thereon against Mrs. C. M. Fallon, but that, as to this defendant, the justice's transcript showed the following entry : "The justice, having heard the evidence, dismisses as to J. F. Fallon." The defendant did not, at the close of the evidence, ask for an instruction that the plaintiff could not recover, nor for any instruction on the theory of the previous adjudication for the same cause of action in favor of himself, but he raised this question for the first time in his motion for a new trial.

I.   The first ground taken by the appellant is, that the verdict is unsupported by the evidence, within the rule of the supreme court, in *Price v. Evans* (49 Mo. 396), re-affirmed in the recent case of *Spohn v. Railroad* (87 Mo. 74, 84). In the former of these cases it was said by Judge Bliss, in giving the opinion of the court: "Notwithstanding trial courts may thus act when they see the jury has been misled, yet, if they refuse to do so, it is not error, unless the preponderance of evidence against the verdict is so strong as to raise a presumption of prejudice, corruption, or gross ignorance on the part of the jury. Such has been our uniform holding, and any other would be impossible." The same doctrine is laid down in *Baker v. Stonebraker* (36 Mo. 338). In *Spohn v. Railroad* (*supra*), the supreme court, quoting

this case and applying the doctrine there laid down, reversed the judgment—not on the ground that there was not *some* evidence to support the verdict, but on the following ground, as stated in the opinion of the court given by Black, J.: "Reluctant as we are and should be to interfere in such matters, as this record now stands, we can come to no other conclusion than this : that the verdict is the result of passion or prejudice, or that the instructions given by the court were wholly disregarded." We have come to the conclusion, after an attentive examination of the evidence in this case, that the verdict can only be accounted for on the theory of passion, prejudice, or sympathy for the plaintiff on the part of the jury. His position is certainly calculated to excite some sympathy. He appears to have rendered faithful services, extending over a long period of time, for which he has received no pay ; but this furnishes no reason why he should be allowed to collect his pay from a person who was merely the employe and agent of the person for whom he rendered the services. It is our duty to add that his case would be entitled to more sympathy, if his evidence, as preserved in this record, were not, on its face, in many respects, disingenuous.

II. It is also argued that the plaintiff's claim had been adjudicated in the defendant's favor, by another justice of the peace, on a former trial. But it appears that this was a dismissal merely ; and we must hold, on the authority of *Flesh v. Christopher* (11 Mo. App. 483), that this was not such an adjudication as bars a subsequent action. Nor were any instructions asked for on this theory.

The judgment will be reversed and the cause remanded. It is so ordered. All the judges concur.