MARIA BORGRAEFE, Respondent, v. SUPREME LODGE, KNIGHTS AND LADIES OF HONOR, Appellant.

### St. Louis Court of Appeals, May 17, 1887.

1. BENEVOLENT ASSOCIATIONS—MEMBERS MAY WITHDRAW.—A member of a voluntary benevolent association may, at any time, withdraw therefrom, without the consent of the association.

2. ———— A member of a benevolent association can not, by withdrawing therefrom, avoid any obligations incurred by him to the association.

3. ———— After a member of a benevolent association has voluntarily withdrawn therefrom, the association can not impose any new obligations upon him.

4. ———— ESTOPPEL.—A benevolent association is not estopped from asserting that a member has voluntarily withdrawn from membership, although it has denied his right to voluntarily withdraw, unless, in so doing, it has led the member to believe, to his prejudice, that he is still a member.

APPEAL from the St. Louis Circuit Court, SHEPARD BARCLAY, Judge.

*Reversed and remanded.*

S. HERMANN, for the appellant : Where the contract, as defined in the laws of the society, makes the payment of assessments, or the member's being in "good standing," a condition to the right of sharing in the benefit fund, a failure to pay such assessments, or to remain in "good standing," will prevent a recovery on the certificate. *Benevolent Society v. Baldwin*, 86 Ill. 479; *Madeira v. Mut. Ben. Soc.*, 16 Fed. Rep. 749; *Zeigler v. Mutual Aid Ass'n*, 1 McGloin (La.) 284; *Karcher v. Sup. Lodge*, 137 Mass. 368; *Knights Golden Rule v. Ainsworth*, 71 Ala. 436; *Thompson v. Ins. Co.*, 104 U. S. 252; *Yoe v. Howard Mut. Ben. Ass'n*, 63 Md. 90. The non-payment of contributions to the relief

fund, at the time prescribed by the laws of the society, will preclude participation in the said fund ; and that, even though the defaulting member has not been formally suspended for such default, and though prevented by sickness from making payment. *McMurray v. Sup. Lodge*, 20 Fed. Rep. 107 ; *Masons' Ben. Soc. v. Baldwin*, 86 Ill. 479 ; *Sup. Council v. McCurd*, 111 Ill. 284 ; *Fisher v. Schiller Lodge*, 11 Ins. Law Jour. 164 ; *A. O. U. W. v. Moore*, 9 Ins. Law Jour. 485 ; *Hawkshaw v. Supreme Lodge*, Chicago Legal News, Jan. 22, 1887 ; *Carpenter v. Life Ass'n*, 58 Iowa, 452. Where the facts are undisputed, it is the duty of the court to declare to the jury the inference, which the law draws from the facts, which inference bars the plaintiff of any recovery. *Powell v. Railroad*, 76 Mo. 81 ; *Lenix v. Railroad*, 76 Mo. 91 ; *Yarnall v. Railroad*, 75 Mo. 583 ; *Ellis v. Bray*, 79 Mo. 227 ; *Hacker v. Brown*, 81 Mo. 68 ; *Maher v. Railroad*, 64 Mo. 267.

GEORGE D. REYNOLDS and C. W. HOLTCAMP, for the respondent: The case was tried strictly in accordance with the law of the case, as laid down by this court (see s. c., 22 Mo. App. 127, 145), and should be affirmed.

ROMBAUER, J., delivered the opinion of the court.

This cause was heretofore before the court, and its opinion is reported in 22 Mo. App. 127, 148, where the rules of the defendant order, and evidence, bearing upon the plaintiff's right of recovery, are set out in detail. The rulings of the trial court on the evidence in the former trial, and its charge to the jury, were not then reviewed, because, on the hearing and first examination of the cause, we were unanimously of opinion, that, upon the undisputed facts of the case, the plaintiff was not entitled to recover, regardless of any errors of the trial court. We, therefore, reversed the judgment without remanding the cause. Upon a further

review of the evidence, on the plaintiff's motion, we were inclined to hold that evidence of the fact that the decedent never received a certain notice which was shown to have been sent to him by mail, was a circumstance tending to show that the notice was never mailed, and that, on that evidence, she was entitled to go to the jury.

The defence in the last trial, as in the preceding one, consisted of : (1) A general denial. (2) An averment that, prior to his death, the deceased voluntarily withdrew from the lodge, and, thereby, lost and surrendered all privileges arising from his connection with the lodge and the defendant. (3) That he did not comply with the rules, laws, and requirements of the order, in that he failed to pay a certain assessment, described as assessment number 138, class A, whereby he had, prior to his death, become suspended by operation of the laws of the order, and that he had never been reinstated, but had died while so suspended.

This last defence was the only one which was discussed in our former opinion, the court, at first, holding, that the defence on that point was conclusively established by uncontroverted evidence, but, subsequently, on the plaintiff's motion, remanding the cause without entering into an examination of other points arising upon the record.

Touching the plaintiff's voluntary withdrawal from the lodge and order, the evidence at the last trial was as follows :

After some preliminary demand for a withdrawal card from the lodge, and its refusal to grant it, as stated in the former report of this case (22 Mo. App. 131), the deceased addressed the following letter to the lodge :

"St. Louis, October 9, 1884.

" *Sir Knights and Ladies of Ada Lodge, No. 883.*

" As I have already had so much work and annoyance with the lodge, and now have other uses for my money than for the required baptismal certificate, I

would, therefore, hereby inform you that I no longer regard myself as a member of the order, wherefore I now demand return of papers belonging to me as soon as possible.

"With respect,

"FRED BORGRAEFE."

The evidence tended to show that, at the date of this letter, the deceased was sick, and continued confined to his bed until the date of his death, which took place on the thirteenth day of December, 1884.

There was no evidence that the lodge ever took any action on this letter by returning to the defendant any papers; nor is there any evidence what papers are referred to in the letter; nor is there any evidence that the lodge assented to his withdrawal; nor is there any evidence that, from that time on, until the date of his death, the deceased, by act or word, intimated that he considered himself still a member of the lodge or order. The plaintiff's own evidence shows that, subsequent to that date, assessment notices were sent to the deceased, and he paid no attention to them whatever. One of the defendant's witnesses, and a lodge member, testified that, after this letter of the deceased was received at the lodge, in October, he saw him and told him to come back, and the deceased replied, "I can not do it, I want to do nothing more to the lodge." Another witness for the defendant, also, a lodge member, testified that she saw him on the second Sunday of November, 1884, and asked him whether he would not come to the lodge again, and he replied, no, that he did not belong to the lodge any more, and that he did not care what papers they sent him. The plaintiff herself was present at this second interview, remembers it, and remembers that the witness and the deceased spoke about the lodge, but can not state the details of the conversation.

This being the evidence on this point, the court, on its own motion, charged the jury as follows:

"1. If you find, from the evidence, that the plain-

tiff was the wife of Fred. Borgraefe when he died, and that, up to the death of Fred. Borgraefe, said Ada Lodge had not assented or consented to his proposed withdrawal from membership (in accordance with his letter of October 9, 1884, as explained in instruction number five); and further find, from the evidence, that the second (sometimes mentioned in evidence as the 'delinquent') notice for assessment, number one hundred and thirty-eight, was not mailed to Borgraefe prior to his death, then your verdict should be for the plaintiff for one thousand dollars, less such sums as you may find, from the evidence, the said deceased owed the said lodge or order at the time of his death, with interest to this date on the balance so found at the rate of six per cent. per annum, from the time when you find, from the evidence, demand of payment was made of the defendant by the plaintiff, if you find such demand was made before this suit was brought; otherwise, from May 16, 1885, the date of the service of process in this case."

"2. If you find, from the evidence, that at, or after, Frederick Borgraefe sent the letter, of October 9, 1884, to Ada Lodge, read in evidence, and before his death, the lodge assented to his proposed withdrawal from membership in the order, or consented to his surrendering his said membership, then your verdict should be for the defendant."

"3. If you find, from the evidence, that Fred. Borgraefe was suspended from membership (by reason of the facts stated, in particular, in other instructions given you), then you are instructed that there is no evidence of any attempt on his part to be reinstated, and the question of any reinstatement of said Borgraefe need not, therefore, in that event, be considered by you at all."

And refused to give the following instructions asked by the defendant:

"4. If you find, from the evidence, that Frederick Borgraefe, on or about October 9, 1884, wrote and sent to

Ada Lodge, the letter bearing the said date, which was read in evidence before you ; and if you further find that, after the delivery of said letter to said lodge, said Borgraefe never again attended any meeting of, or took any part in, the proceedings of the said lodge, and failed or refused to pay the dues or assessments, duly made or levied upon him, subsequent to the sending of the said letter, up to the time of his death ; then, the court instructs you that he has not complied with the laws, rules, and regulations of the order, and the plaintiff is not entitled to your verdict."

"5. The court instructs you that the letter of October 9, 1884, if you find that the same was sent by Frederick Borgraefe, and was delivered to said Ada Lodge, No. 883, operates as a voluntary severance, on the part of the said Borgraefe, from the defendant, and deprives the plaintiff of the benefits secured to her by the relief fund certificate, read in evidence before you, unless you further find that, subsequent to the delivery of said letter of October 9, 1884, the said Borgraefe resumed his connection with the defendant, or some of its lodges."

The defendant is a corporation organized to promote benevolence and charity, and its relief fund is one exclusively for the benefit of its members and their families. It has no power to insure any one who is not a member of the corporation, and any attempt on its part to do so would be *ultra vires* and void. This proposition is not disputed. The primary condition precedent of the plaintiff's right of recovery in this case must, therefore, necessarily be, that the deceased, Fred. Borgraefe, was, at the date of his death, a member of the organization.

The plaintiff's petition fully concedes this, in averring that the deceased was not only a member, but a member in good standing ; that is, one who had not, by any act on his part, forfeited the right, secured to him

by the laws of the order, to participate in its relief fund, as evidenced by the following certificate :

"This certificate, issued by the Supreme Lodge, Knights and Ladies of Honor, witnesseth: That Fred Borgraefe, a member of Ada Lodge, No. 883, of said order, located at St. Louis, is entitled to all the rights and privileges of membership in the order of Knights and Ladies of Honor, and to participate in the relief fund of the order, to the amount of one thousand dollars, which sum shall, at his death, be paid to his wife, Maria Borgraefe. This certificate is issued upon the express condition that said F. Borgraefe shall, in every particular, while a member of said order, comply with all the laws, rules, and requirements thereof."

The instruction of the court, also, fully concedes this proposition.

It will be seen, however, that, by giving instruction numbered one, of its own motion, and by refusing the two instructions asked by the defendant, above recited, the court took the view, either that a member can not voluntarily terminate his connection with the lodge and order, without the sanction of the latter, or that the lodge and order, by subsequently recognizing and asserting a continuing liability on the part of Borgraefe, as a member, are estopped from questioning his membership at the date of his death.

We can not find, in the record, any warrant for these views. The order is a voluntary organization, the entering into it, the remaining in it, the performance of duties incumbent upon the member, by reason of his membership, are purely voluntary. Any member may absolutely terminate his connection with the order whenever he sees fit to do so. It is not contended, on the one hand, that, by so doing, he can rid himself of any obligation which he incurred while a member of the order, nor can it be contended, on the other hand, that the order may force him to continue a member, whether he is willing to do so or not, simply because he has not complied

with all the obligations which entitle him to a withdrawal card.

Nor can we see how the evidence gives rise to any inference of estoppel, conclusive or otherwise. Estoppels, in their very nature, are mutual. If the deceased was not estopped from asserting that he was no longer a member, on, and after, October 9, the defendant was not estopped from denying that he was a member, after such date.

We readily concede that, if the defendant had done anything by which the deceased was misled into the belief that he was still a member, and, owing to such belief, omitted to do anything, which, but for such belief, he might have done, towards the preservation of his rights, the evidence would raise an estoppel, of which the plaintiff in the present action might avail himself; but we see nothing of that character in the evidence, and the instructions of the court do not put the case to the jury on that theory.

As the judgment must necessarily be reversed, for error in these instructions, an error, which, under the facts of the case, was clearly prejudicial to the defendant, it is proper to add the following for the guidance of the court and counsel.

During the last trial of the case, the plaintiff, against the defendant's objections, partly against the ruling of the court, and partly with its sanction, was permitted to bring before the jury evidence of the fact that she had seven children, that the oldest was only thirteen years old, and that she had no business, but was supported by her friends. All this evidence was, not only clearly irrelevant, but, also, clearly prejudicial to the defendant, and its admission in a case where the verdict is, apparently, against the weight of evidence, would, of itself, warrant the reversal of a judgment thus secured.

The widow of a charter member of a society, suing for a share of its relief fund, towards which her husband

had contributed for many years, is safe enough to secure a favorable consideration of her case, so far as it rests on legal evidence. Verdicts brought about by other considerations are justly to be condemned, under all circumstances.

The judgment is reversed and the cause remanded. Thompson, J., concurs; Lewis, P. J., is absent.