JAMES F. WATSON, Respondent, v. FRANK FEHLIG, Appellant.

| 59 | 275 |
| 81 | 420 |

St. Louis Court of Appeals, November 7, 1894.

Practice, Appellate: WEIGHING THE EVIDENCE. The fact that the evidence of the appellant in an action at law may seem to this court to be entitled to greater credit than that of the respondent, will not warrant the reversal of the verdict on the theory of mistake or prejudice. That can only be done when the verdict is opposed to all the probabilities to such an extent as to clearly indicate that the trier of the fact either did not weigh the evidence at all, or else was clearly mistaken as to the applicatory law.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*C. A. Schnake* for appellant.

*John B. Roeder* for respondent.

ROMBAUER, P. J.—The plaintiff sued the defendant for the value of mortar furnished by him in tuck pointing a certain house erected by the defendant. The plaintiff recovered judgment, and the defendant appeals, assigning for error that the judgment does not rest on substantial evidence, and is the result of either mistake or prejudice.

The cause was tried by the court without the intervention of a jury. The plaintiff gave evidence tending to show that one McLaughlin had contracted with the defendant to do the brick work on the house

including the tuck pointing, but that *the defendant was to furnish the material* for the latter work; that the plantiff was a subcontractor under McLaughlin for doing the tuck pointing, and that, when he began to do the work, the defendant requested him to use his own material in doing it, either because he considered the plaintiff's material superior to his own, or else the defendant's material was not on hand. The plaintiff thereupon used his own material, which was of the value sued for.

It is needless to say that this evidence, if credited by the trier of the facts, was sufficient to entitle the plaintiff to recover. If the plaintiff's material was used by him at defendant's request, such request implied a promise on part of defendant to pay to the plaintiff the reasonable value of the material. It is true that the defendant's testimony contradicted that of the plaintiff in every material particular, but it was for the trial court and not for us to weigh the evidence in cases of conflict. The fact, that the defendant's testimony may seem to us under all the circumstances entitled to greater credit, does not justify us in disturbing the finding as the result of mistake or prejudice. That can be done only when the finding is opposed to all the probabilities to such an extent as to indicate clearly that the trier of the fact either did not weigh the evidence at all, or else was clearly mistaken as to the applicatory law. *Spohn v. Railroad,* 87 Mo. 74; *Freisz v. Fallon,* 24 Mo. App. 439.

We are asked to affirm the judgment with damages because the appeal is frivolous. As no debatable point of law arises on this appeal, but it simply seeks a review of the evidence on controverted facts, the appeal was certainly unwarranted. It is ordered that the judgment be affirmed with ten per damages. All the judges concur.