FRED D. SCHEELE, Administrator, Appellant, v. THE STATE HOME LODGE OF THE FARMERS' MUTUAL PROTECTION OF MISSOURI, Respondent.

Kansas City Court Appeals, November 4. 1895.

1. **Benefit Societies:** DEFAULT IN PAYMENT OF ASSESSMENT. The by-laws of a benefit society required the members to pay the assessment within thirty days after notice. Plaintiff's intestate had violated this requirement and refused to make the payment required. *Held*, this worked a forfeiture of his rights under the certificate and at his death he was not a member in good standing.

2. ———: FORFEITURE: BY-LAW. The by-law of a benefit society declared no member in arrears for a longer period than thirty days after notice was entitled to the benefits of the society; and arrearage for six months rendered the certificate null and void and the holder incapable of reinstatement. *Held*, nonpayment for thirty days after notice worked a forfeiture and the continuance in arrearage for six months prevented a reinstatement.

3. ———: ———: ESTOPPEL. Where a member has forfeited his rights in a society by failure to pay assessment for more than thirty days after notice, the fact that a secretary may continue to send him notices of subsequent assessment will not estop the society to deny his right to its benefits. *Quaere:* Can the secretary waive the performance of the conditions of a certificate?

4. ———: ———: [OFFER TO PAY BY CREDITOR. Where a member, whose arrearages has forfeited his certificate, is dying and his creditors tender his unpaid assessments which the secretary declines, the obligation of the society to such member is not thereby revived.

*Appeal from the Atchison Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

*John P. Lewis* for appellant.

(1) The court erred in giving instruction number 2 for defendant, excluding all evidence as to the offer to pay back assessments by Dankers and Dr. Fast. Section 13 does not render the policy null and void until after six months' default. Payment or offer to pay at any time before death and within six months, without any other requirements, reinstates the policy. Niblack, Benefit Societies [2 Ed.], secs. 272, 275; *Mutual Benefit Ass'n v. Stapp*, 77 Texas, 517; *Wright v. Knights of the Golden Rule*, 14 L. R. A. (*Geo. case*), 283, and note; Friends and relatives may, and often do, keep up the insurance. Niblack [2 Ed.], 272. Even where the insured "knew nothing about it or was incapable of knowing anything." *Ibid.* sec. 295; Payment on deathbed, sufficient. *Ibid.* sec. 293; *Mason*

*v. Grand Lodge*, 30 Minn. 509. The general officers of a mutual beneficiary society have the same power to bind the company as other companies.    Niblack, sec. 95; *Harvey v. A. O. U. W.*, 50 Mo. App. 472; *Chadwick v. Triple Alliance*, 56 Mo. App. 471. (2) The conduct of the company acting through its chief officers was such as to amount to a waiver of the forfeiture, if there was any. The subsequent levy of assessments was a complete waiver of the forfeiture and a continuing acknowledgement of liability—and this continued down to the very day of his death. Niblack [2 Ed.], sec. 305. Attempt to collect back assessments amounts to a waiver. *Ibid.* sec. 307; May on Insurance, p. 847; *Stylow v. Ins. Co.*, 69 Wis. 224; *Hanley v. Life Association*, 69 Mo. 380; Wisconsin case approved in *Harvey v. A. O. U. W.*, 50 Mo. App. 472. The provisions of a policy will be construed strictly against the company to prevent forfeiture. Am. and Eng. Encyclopedia, 286; *Connelly v. Benefit Society*, 43 Mo. App. 283; *Shell v. Ins. Co.*, 60 Mo. App. 644; *McFarland v. Accident Association*, 124 Mo. 204, 217.

*M. McKillop* and *Hunt & Bailey* for respondent.

(1) Neither Dr. Fast nor Dankers had any right or authority to pay said assessments, nor was defendant compelled to receive said delinquent assessments from anyone, not even Scheele himself. He had violated his contract with the defendant, was in arrears for assessments for more than thirty days after notice and was entitled to no benefit in said defendant association. *Borgraefe v. Knights of Honor*, 22 Mo. App. 127; *Borgraefe v. Knights of Honor*, 26 Mo. App. 218; *Singleton v. Ins. Co.*, 66 Mo. 63; *Whitmore v. Supreme Lodge*, 100 Mo. 36; *Warnock v. Davis*, 104 U. S. 779;

*Ins. Co. v. Rosenheim*, 56 Mo. App. 27; R. S. of Mo., 1889, sec. 5866. (2) One consequence of his failure to pay assessments for a period longer than thirty days after notice was a loss of the right to his beneficiary (or his estate in this case) to have any assessment made for his benefit on the death of said assured. *Borgraefe v. Knights of Honor*, 26 Mo. App. 218. (3) The failure to pay an assessment for a period longer than thirty days after notice of itself deprived the insured of all rights to have any assessment to pay for the loss arising from his death. There was no necessity for any formal act of the company declaratory of the same. Niblack on Benefit Societies [2 Ed.], sec. 289, p. 536; *Borgraefe v. Knights of Honor*, 22 Mo. App. 142, 143.

GILL, J.—This is an action based on what is ordinarily termed a beneficiary certificate of insurance, issued by one of those fraternal, mutual aid societies now so common in the country. The plaintiff prosecutes this suit as the administrator of the estate of George C. Scheele, deceased, who, on April 9, 1894, became a member of the defendant association and received from it a beneficiary certificate or policy of life insurance, entitling him to all the privileges and rights of said association and to participate in the beneficiary fund thereof to the amount of not exceeding $2,000, or so much thereof as might be found due at his death under the rules and regulations of the defendant association, to be paid at his death to his estate. That by his application for membership, as well as by the beneficiary certificate received by him, he agreed, on his part, to a compliance with all the laws, regulations and requirements of said defendant association printed on the reverse side of his application, as well as his beneficiary certificate, and which, in said appli-

cation and certificate, were referred to and made a part of the contract between said decedent and said association, or might hereafter be enacted or established by said defendant association, and that such was the express condition on which he was entitled to membership and to participation in the beneficiary fund of said association, and by said contract he (said Scheele) bound himself, his executors, administrators, heirs and assigns, to pay to the defendant association, within thirty days from the date of receiving notice thereof, all proper assessments upon the death of members of said association; that among the by-laws, rules, and regulations of said association, printed on the reverse side of his application and also his beneficiary certificate, was section 13 of said by-laws, rules and regulations, reading as follows:

"Section No. 13. No member shall be entitled to the benefits of the State Home Lodge, who is in arrears for assessments for a longer period than thirty days after notice, and arrearage for a period of six months after such notice shall render the delinquent certificate null and void and incapable of reinstatement."

The contention of defendant is that said decedent failed to comply with his part of the contract—failed to keep up his assessments, and was, at the time of his death (October 24, 1894) in arrears for assessments for a longer period than thirty days after the receipt of notice of such assessment and was not then entitled to have any assessment made to pay his death loss.

On a trial by jury there was a verdict and judgment for defendant, and plaintiff appealed.

I.   We find it unnecessary to notice several points suggested in the briefs, since we hold that on the undisputed facts the plaintiff was not entitled to recover,

and the judgment, which was for defendant, will be affirmed.

The certificate issued to George C. Scheele composed the contract between him and the association, and therein it was expressly stipulated: "That said George C. Scheele shall in every particular while a member of said State Home Lodge, comply with all the laws, rules and requirements thereof, as printed upon the reverse side hereof, which are hereby referred to and made a part of this contract." In the by-laws so indorsed, it was provided, in plain, unambiguous terms, that "no certificate shall be binding, nor shall any assessment be made to meet the requirements of any certificate, whose holder is in arrears for more than thirty days on any legitimate assessment thereunder." And further: "assessments shall only be made in case of the death of a member in *good standing*," etc. Besides this, there further appears section 13 of the by-laws, quoted in the foregoing statement, which declares that no member shall be entitled to any benefit who shall be in arrears for assessments for a longer period than thirty days after notice, and that such defaulting member shall not be reinstated in any case, where the failure to pay assessments has continued for a period of six months.

That the deceased, George C. Scheele, ignored and violated these laws, rules and regulations is too plain for argument. Within the period of four months after becoming a member of this mutual benefit society, four members died, and in each instance he was served with a proper notice to pay an assessment of one dollar. He paid the first of these assessments, but thereafter declined, and announced to his neighbors and associates that he was done with the business, and even went to so far as to return his certificate to the secretary of the association, with a request that it be can-

celed. The testimony is overwhelming and undisputed that the several notices of assessment were duly served on Scheele and that, with one exception, he failed and refused to pay for more than thirty days after notices given. His default then worked a forfeiture of all his rights under the certificate. He was not at his death a member "in good standing." *Borgraefe v. Knights of Honor*, 26 Mo. App. 218; s. c., 22 Mo. App. 127; *Mc-Murry v. Supreme Lodge*, 20 Fed. Rep. 107; *Benevolent Society v. Baldwin*, 86 Ill. 479.

II. Plaintiff's counsel, however, seem to take the position that the rights of the assured, under the terms of by-law 13, did not become forfeited until *six months* had expired after default in paying assessments. We regard this contention as based on a misconception of the full scope and meaning of that section. It might be that after a member had defaulted for thirty days in paying assessments, the society, for some good reason, would reinstate the delinquent and restore him to a participation in the benefits of the association. In view of this, then, the latter clause of section 13 was inserted, which, while recognizing the power of condoning the default of the member, yet provided that this should not be done after the expiration of six months from the notice of assessment.

III. It is also claimed that the defendant, under the circumstances of this case, waived the prompt payment of assessments; or, rather, is estopped from asserting a forfeiture by reason of the conduct of the secretary. It seems that Scheele's first default occurred in July, 1894, and that, hence, by the terms of the certificate, he was, thence on, out of the society and no longer entitled to the benefits of a member. The secretary of the association, however, continued thereafter to send Scheele notices of assessments, and when Scheele sent in his policy, asking it to be canceled, the secre-

tary refused to do so, unless the assured would pay up the third assessment already made. But this Scheele refused to do, and denied, before and after, that he was any longer connected with the society and disowned his membership.

There is nothing here upon which to base an estoppel, or any waiver of the requirements of the contract. In the first place, it may well be doubted whether the secretary had authority to waive performance by Scheele of these terms and conditions of the beneficiary certificate. There is nothing shown us that justifies that claim. But, however this may be, there was nothing said or done by this officer that should, or did, give ground for the belief that Scheele was to be excused from prompt payment of the assessments, or that his rights or benefits under the policy were not forfeited because of his failure to pay as it stipulated. More than this, the secretary, in every communication had with the deceased, as often warned him of the penalty attached to nonpayment of the assessments. On July 24, he wrote the assured: "You are hereby notified, as a member of the State Home Lodge of the Farmers' Mutual Protection of Missouri, that the thirty day limit for the payment of your late assessment (No 3.) has expired. If you should die, your beneficiary could not collect a cent, as the by-laws of the State Home Lodge make your insurance void if the assessment is not paid within thirty days after the notice is given. If you wish to continue as a member, send us $2.10 to pay your assessments on the deaths of Brothers Parker and Shelby."

The most that can be claimed in this matter is that the secretary's conduct might have offered the hope that Scheele could, by payment of back assessments, restore his fellowship in the society. But the evidence conclusively shows that Scheele was not induced by

the promises or conduct of the secretary to do, or not to do, anything that he would not otherwise have done. Scheele's acts throughout were consistent with a desire and determination to abandon the scheme of insurance —he would consent to nothing else. The elements necessary to estoppel are clearly wanting. In the *Borgraefe* case (*supra*), the St. Louis court of appeals held to the same effect.

IV. On the day of the death of Scheele, two of his neighbors (and they were creditors, too) went a distance of fifteen miles to the office of defendant's secretary, and made, on their own account, a tender of his (Scheele's) unpaid assessments. The secretary declined to accept, and this tender, it is now claimed, had the effect to revive the obligations of the policy.

There is not a shadow of merit in this contention. The beneficiary certificate had been, prior thereto, voluntarily abandoned, and all the rights of the assured forfeited. And even to admit that it was in the power of the *parties to the instrument*, by a new agreement, to reinvigorate the same and restore its obligatory force, there was clearly no such power vested in these frightened creditors of the dying man. The point hardly deserves serious consideration.

The judgment will be affirmed. All concur.