KATE O'HARA, Respondent, v. GLOBE IRON AND FOUNDRY COMPANY, Appellant.

### St. Louis Court of Appeals, March 24, 1896.

The evidence is considered, and is held sufficient to warrant the verdict.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Henry Hitchcock* for appellant.

*James L. Hopkins* for respondent.

ROMBAUER, P. J.—The plaintiff, while standing upon the cross walk of a public street in the city of St. Louis, was struck in the chest by a heavy bundle of gas pipe, which protruded at a distance of from five to seven feet beyond the box of defendant's wagon. The blow she thus received threw her upon the pavement, resulting in a fracture of her leg and causing her serious injuries, more or less permanent, for which she sues. The petition alleges, among other things, that the vehicle containing said pipe was at the time of the accident driven in a manner which was in violation of a city ordinance, and that such driving was the immediate and direct cause of plaintiff's injuries.

The ordinance referred to is set out in full in the plaintiff's petition. The parts thereof which bear upon the present inquiry are as follows: "Any person who shall, in this city, ride or drive any animals in any highway, thoroughfare, or public place, quicker than, or beyond a moderate gait, or shall not slacken the pace of such animal or animals in approaching any cross walk upon which any person may be in the act of crossing, or in the act of approaching or leaving a street car, or shall ride or drive any such animal so as to cause such animal, or any vehicle thereto attached, to come in collision with or strike any other object or other person, shall be deemed guilty of a misdemeanor."

The petition charges that the defendant's driver was guilty of a violation of said ordinance by driving the horse at an excessive gait, and by failing to slacken its speed in approaching the crosswalk upon which the plaintiff was in the act of crossing. The answer denies the allegations of the petition, and sets up the plaintiff's contributory negligence in bar of her recovery. The trial before a jury resulted in a judgment for plaintiff. The defendant appeals, and assigns for error that the court refused to instruct the jury that the plaintiff could not recover on the pleadings and evidence, and also that the court erred in not granting a new trial, because the verdict, under the instructions of the court, was so flagrantly opposed to the weight of the evidence as to imply passion, prejudice or partiality, on part of the jury.

The accident was seen by the plaintiff and two other witnesses, one of whom testified for the plaintiff and the other for the defendant. The testimony of the plaintiff and her companion was to this effect: They were in the act of crossing Fourth street, at its intersection with Olive, and moving toward the east, when the

defendant's wagon, coming westward on Olive street in a rapid trot, made a turn southwardly in approaching them, swinging the end of the wagon around so that the projecting pipe struck the plaintiff. The plaintiff and her companion were, according to their testimony, standing on the cross walk midway between the curb and the western rail of a cable road which runs north and south on Fourth street. The plaintiff explained her not retreating from the approaching vehicle by saying that the driver's action indicated that he was going to turn southeast of the cable track, whereas in point of fact he swung around to the west side of the track, the swinging motion of the wagon causing the gas pipe to roll around westwardly and strike her. The version of the accident given by the plaintiff's companion was substantially the same. The defendant's driver, who was called as a witness for the plaintiff for the purpose of proving the ownership of the team and his employment by the defendant, did not know of the collision until after it occurred, and testified that he was driving in a slow trot in making the turn. Neither this witness, however, nor the witness for the defendant who saw the accident, testifies that the driver slackened the speed of the animal in approaching the crossing upon which the plaintiff and her companion then were, in the act of crossing, which, as above seen, the ordinance requires.

It will be thus seen that the plaintiff's testimony and that of her companion concurred in showing that the defendant's driver drove beyond a moderate gait along the highway, and that all the testimony concurred that he did not slacken the speed of the animal in approaching the crossing. In fact the defendant's driver admits that he did not even see the plaintiff and her companion, although all the testimony concedes that the view was unobstructed. We can not see how

under these circumstances the court could nonsuit the plaintiff, as her evidence does not raise an unavoidable inference of contributory negligence.

The defendant's witness who saw the accident testified that the plaintiff and her companion seemed to be in a hurry, that they stopped for the wagon, and, as the wagon passed, they took one step to the east, and at the same time the boy turned into the track, turned the hind end of the wagon around, and the bars of iron struck the plaintiff and threw her down. This same witness testified to an admission, made by the plaintiff shortly after the accident, that she did not know there was anything in the wagon until after the body of the wagon had passed, that she then walked along behind it, and the irons in it knocked against her and threw her down. The plaintiff, however, denied having made any such admission, and the testimony of the witness was contradicted, measureably at least, by plaintiff's companion.

We have set the testimony out thus fully, because the defendant's learned counsel has pressed upon our attention the claim that this case falls within the class of cases, in which we have not hesitated, and should not hesitate, to vacate the verdict of the jury, on the ground that it is opposed to the weight of testimony to such an extent that it is the unmistakable result of bias. The cases of *Friesz v. Fallon*, 24 Mo. App. 439; *Hickman v. Railroad*, 47 Mo. App. 65; *Walton v. Railroad*, 40 Mo. App. 544, and *Weaver v. Railway Company*, 60 Mo. App. 210, best illustrate that rule and its limitation. In each of these cases the facts conclusively demonstrated that, while there was substantial testimony to support the verdict, the uncontradicted evidence of the surrounding circumstances conclusively demonstrated that such testimony could not be true. In such a case we deem it our duty to vacate the verdict; otherwise

the property of the citizen might be at the mercy of a prejudiced tribunal. Such is not the case here. Here the uncontradicted evidence establishes the fact, that the driver was guilty of negligence under the ordinance in failing to slacken the speed of the horse in approaching the crossing. As for the rate of speed at which he was driving, as to whether the pipes were securely fastened in the wagon, and further as to whether the plaintiff was guilty of contributory negligence, the evidence was conflicting, and the credibility of the witnesses was for the jury. To set aside verdicts as opposed to the weight of the evidence is the exclusive province of the trial court, which possesses superior advantages over us in judging of the credit which the jury should have given to the testimony of witnesses. The limit of our duty is to vacate verdicts bearing the unmistakable stamp of bias or mistake. We are of opinion that this verdict is not among that class.

All the judges concurring, the judgment is affirmed.