ESTHER MILLER, Respondent, v. The UNITED STATES GRAND LODGE OF THE ORDER BRITH-ABRAHAM, Appellant.

St. Louis Court of Appeals, December 7, 1897.

1. **Benefit Society:** CERTIFICATE OF INSURANCE: POWER OF HOLDER TO WAIVE FORMALITIES PRESCRIBED, BY ORDER, FOR SUSPENSION. A member of a benefit society, holding a certificate of insurance in such society, may waive the formalities prescribed by the society for his suspension or expulsion, as against the rights of a beneficiary designated by the order.

2. ———: NOTICE OF SUSPENSION OF MEMBER: EVIDENCE: WAIVER. Where the uncontradicted evidence was that such member had full notice of his suspension from the order for nonpayment of dues, which notice he directed to be sent to him in an unregistered letter, and that he thereafter assented to the suspension in unmistakable terms, such conduct on his part was a waiver of any informality in the notice, and a complete acceptance of his *status* as a non-member of the order.

*Appeal from the St. Louis City Circuit Court.*—HON. SELDEN P. SPENCER, Judge.

REVERSED.

*H. A. Loevy* for appellant.

The judgment is against the law and the evidence, respondent's husband, at the time of his death, having

been suspended for nonpayment of dues, and not in good standing, and having voluntarily withdrawn from the order. Const., art. 9, sec. 2; 26 Mo. App. 224; 36 *Id.* 332; 50 *Id.* 58; 63 *Id.* 282; 38 *Id.* 337; 126 Mo. 638; 1 Bacon, Ben. Soc. 187, 188.

He knowingly and intentionally acquiesced in his suspension, even if it was void. 50 Mo. App. 58.

The benefit certificate is testamentary in character, and therefore can take effect only with respect to the status of the member at the time of his death. 55 Mo. App. 193; 1 Bacon, Ben. Soc. 291.

The judgment is not warranted by the petition, and is not responsive to the issues. 55 Mo. App. 557.

*Sale & Sale* for respondent.

The fact that the judgment should have been for the full amount of $500, instead of $250, as awarded by the court, is not a matter of which appellant can complain. R. S. 1889, secs. 2100, 2101.

The suspension of Miller (if it actually occurred) was void. *Grand Lodge v. Cohn*, 20 Brad. 335; *Hoeffner v. Grand Lodge*, 41 Mo. App. 359; 2 Bacon, Ben. Soc., secs. 277, 389.

It was void because the notice which the secretary of the lodge claims to have sent him was not sent by registered mail. *Seibert v. Order of Chosen Friends*, 23 Mo. App. 268; *Forse v. Knights of Honor*, 41 *Id.* 106.

It was also void because it informed deceased that he was in arrears $5.85, whereas his arrears were only $3.45. *Mut. Endowment Ass'n v. Essender*, 59 Md. 463; *Watson v. Jones*, 13 Wall. 679. Respondent had a vested interest in the certificate of which she could not be deprived without her consent, except by strict compliance with the terms of the contract of

insurance. *Grand Lodge v. Elsner*, 26 Mo. App. 114;
2 Joyce on Ins., sec. 741, and citations; *Duvall v.
Goodson*, 79 Ky. 224; *Mutual Ben. Soc. v. Burkhart*,
110 Ind. 79; *Stewart v. Legion of Honor*, 36 Mo. App.
319; 2 May on Ins. 894, sec. 399.

BOND, J.—This suit is by the plaintiff as the
widow of A. A. Miller, deceased, upon a certificate
issued to him as a member of the defendant's society,
which provides (so far as necessary to be noticed) that
the defendant will pay the sum of $500, upon the death
of said member, provided he "at the time of his death
was or is a member in good standing of his lodge and
in this order, and had complied in each and every par-
ticular with the laws governing its endowment bene-
fits." The certificate further states as follows: "The
benefits in the within certificate mentioned and de-
scribed shall be paid to such member or beneficiaries
only as are named in and provided for by the laws of
the Order Brith Abraham, and no others." The cer-
tificate was dated Septemper 21, 1891. The defendant
is a New York corporation, with power to estab-
lish subordinate lodges. It established St. Louis
Ellman Lodge Number 94, of which the said Miller
was a member on the date of said certificate. The
laws of the order provided for the reciprocal insurance of
members and their wives in the sum of $500. They
further provided that a member shall have the right to
designate $250 of said sum to such of his children as
he may deem proper, making new designations from
time to time, but that if married, he must leave at
least $250 to his wife. They provided further for the
suspension of a member who is delinquent in the pay-
ment of his dues and assessments; that notice of such
delinquency shall be sent by registered letter to his
last known place of residence, at least eight days prior

to the next regular meeting, notifying him that failure
to pay up his indebtedness will cause a forfeiture of all
rights, privileges and benefits as a member of his lodge
and order.    The petition further avers that plaintiff's
husband died about the tenth of March, 1895; that she
is his lawful wife, and at the time of his decease he
was a member in good standing of the defendant,
wherefore she prayed for a judgment of $500 with in-
terest and costs.    The answers admits that plain-
tiff is the widow of a deceased member of the order;
admits the issuance of the certificate sued on, and that
defendant agreed thereby to pay from moneys collected
for endowment benefits the sum mentioned in said cer-
tificate, provided the said Miller was a member in good
standing of his lodge and order, and had complied in
full with each and every particular of its laws govern-
ing endowment benefits at the time of his death.    It
then denies that he was in such good standing at the
time of his death, or that he had complied with the laws
of the order, and denied that plaintiff was entitled to any
sum by virtue of the certificate in question, and states
that it refused to pay the sum, giving as a reason "that
the said Miller at the time of his death had been stricken
from the roll of membership of defendant and that he
had been suspended by defendant for nonpayment of
dues, and for other good reasons."    It then sets out
the various laws of the order, among others, article
13, section 17, to wit:    "A member being in arrears
with his dues and assessments for a period longer than
six weeks after the general meeting, shall not be en-
titled to any of the benefits of his lodge or this order."
It then sets forth the matters wherein said member was
alleged to be delinquent in the payment of his dues
and assessments; alleged that such indebtedness had
existed on March 3, 1895, and was wholly unpaid by
the said member at the date of his death; that due

notification, as prescribed by the laws of the order, was given to said Miller of his aforesaid indebtedness, and that he had been suspended therefore, whereupon the answer avers he replied to the committee appointed to wait upon him, that he knew of his default and suspension, and that he intentionally resigned, gave up and forfeited his membership in said lodge and all his rights and benefits thereunder.

The reply was a general denial. The case was submitted to the trial judge without the aid of a jury. It appeared from the evidence adduced on the trial that the statements of plaintiff's petition as to her ownership of the certificate and relations as wife to the deceased member were true. It further appeared that up to the time of the death of the latter he made no attempt to change the designation of the beneficiary named in the certificate as to any part of the sum therein specified. The evidence also showed that the deceased member was notified in writing of his failure to pay certain dues and assessments and his suspension therefor; that he received this notice, and replied to a special committee appointed to wait upon him for the purpose of inducing him to continue his membership; that he intended his membership to cease, so that nothing would be payable upon the certificate at the time of his death. There was evidence tending to show that the amount of the dues mentioned in the notice to the member was about $2.50 in excess of what he really owed, and that the notice itself was not inclosed in the registered letter. It was further shown that his name was stricken from the list of members of the lodge by due entry of his suspension, and due notice thereof to the proper officers. Judgment was rendered for plaintiff for $250, from which defendant appealed to this court.

There are but two questions in this case. *First.*

Could the member waive the form and manner of his suspension prescribed by the laws of the order? *Second.* Did he do so? Unless both of these questions are resolved in the affirmative, the judgment herein awarding one half of the benefit certificate to plaintiff can not be disturbed. As to the power of a member of a benefit order to waive the formalities prescribed by its laws for his expulsion, it is insisted by respondent that such power is not left to the member as against the rights of a beneficiary designated by the order. Wherefore in the present case the plaintiff as wife of the member, being designated beneficiary to the amount of one half of the certificate, could not be deprived of her claim to that extent by a waiver on the part of the member of any of the strict requirements prescribed by the laws of the order for his suspension or expulsion. If this view can be approved there would be no obstacle to an affirmance of the judgment, since all the evidence shows that the written notice to the member of his expulsion for nonpayment of dues was not sent by a registered letter as required by the laws of the order, nor was it accurate in the matter of stating the amount of such dues and assessments. Will this view, however, stand the test of a correct analysis of the legal relationship of the member and his beneficiary? In benefit societies the beneficiaries are the appointees of the member, subject to such restrictions as to classes and persons as are prescribed in the laws of the order. The society may not only designate a class of beneficiaries, but it may also specify the particular person who is to receive the fruits of the benefit certificate which is issued when a member is added to the order. This right comes from the contract made with the incoming member, with whom alone the society enters into an agreement, expressed in all the laws of the order governing

*Margin note: BENEFIT certificate: power of holder to waive formalities prescribed, by order, for suspension.*

the rights and duties of the society and its members between themselves. The fact that these societies may restrict the power of their members to the naming of a particular class of persons as beneficiaries, can not impair in any other respect the full liberty of contract rightfully belonging to the society and its members as parties capable of contracting. It logically results that the deceased member of this order was legally capacitated to contract with the defendant for a release of his membership. It is but a corollary to this proposition that the deceased member (Miller) was not deprived of the power to waive the strict formalities prescribed by the order for his suspension.

As to the second question, it is only necessary to say that the uncontradicted evidence in this case shows that Miller had full notice of the act of the defendant in suspending him for nonpayment of dues, which notice he himself directed to be sent in an unregistered letter, and that he thereafter assented to his expulsion in the clearest and most distinct terms and gave as his reason why he did not wish his membership to continue, that it was his purpose that a breach should take place of the condition of payment of the certificate issued to him when he became a member. Such acts and doings on the part of the deceased member waived any informality in the notice to him of the suspension, and evidenced a complete acceptance by him of his status as a non-member of the order. That voidable suspension may be waived—or the withdrawal of a member of a benefit society may be shown in this way, is the established law. *Borgraefe v. Knights of Honor*, 26 Mo. App. 224; *Stewart v. Sup. Council Am. Legion of Honor*, 36 Mo. App. 332; *Glardon v. Supreme Lodge Knights of Pythias*, 50 Mo. App. 50–58; *Scheele v. State Home Lodge*, 63 Mo. App. 282.

*Margin note: Notice of suspension of member: evidence: waiver.*

The learned trial judge, in his findings in this case, had no difficulty in reaching the conclusion that the suspension of the member was validated by his assent thereto against anyone (including the plaintiff) entitled to the portion of the benefit fund not restricted to the plaintiff as wife of the member. His error consisted in holding that because plaintiff was the unchangeable appointee of one half of the fund, her husband was deprived of the power of terminating his membership in the order by waiving an informal notice of his expulsion, or by contracting with the society that such membership should cease. The law is that the rights of the plaintiff to one half of the benefit fund depended as much upon the non-breach of the condition upon which the insurance certificate was issued, as the rights of any other proper appointee, and that the breach of such condition may be shown in the same way in both cases. Defendant's instructions presenting this theory of law were erroneously refused under the facts in this record. The judgment will be reversed.    All concur.